GEORGE T. BRYANT

*vs.*

GEORGE LORD, ROBERT TAYLOR, *et al.*

Upon a settlement of accounts between a partnership and plaintiff, a balance was found due from the firm. After its dissolution, of which plaintiff was cognizant, one of the late firm indorsed a negotiable note with the firm name, and delivered the same to plaintiff in payment of such balance. *Held*, that the other members of the late firm were not bound by such indorsement.

This court cannot supply an omission by a referee to find upon a material question of fact.

Certain findings of fact by a referee considered, and determined to be against evidence.

Upon the question, whether a contract has been modified by agreement, the whole correspondence between the parties is admissible.

That promises in one letter, taken by itself, appear to be without consideration, is no objection to its admissibility. If the effect of the whole correspondence, and the subsequent acts of the party who wrote the letter, is to show that the other party refused to go on with the contract unless modified; and that thereupon plaintiff agreed to such modification, such agreement would be upon a valid consideration.

A contract for an absolute and unconditional guaranty by defendants of all notes taken by them for machines, sold by them for plaintiff on commission, was changed by agreement into the conditional liability of an endorser. Subsequently the defendants endorsed and delivered to plaintiff notes so taken by them as aforesaid, made payable to their order, and in the body of which it was specified that "the drawers and indorsers jointly and severally waive presentment for payment, protest and notice of protest, and non-payment of this note." *Held*, that such a waiver is operative against an indorser, and that, if defendants, holding such

Bryant v. Lord et al.

modified contract, chose to waive demand and notice on any note, they were as much bound thereby as any other indorser.

*Gen. Stat.*, ch. 26, § 9, does not require notes to be protested.   It simply makes the notary's certificate *prima facie* evidence of the fact to be certified therein.

This action was brought in the district court for Olmsted county.   The complaint alleges that the defendants were agents of the plaintiff for the sale of sewing machines, under a written contract, set forth in the complaint, made between the plaintiff and the firm of Lord, Taylor & Compton, to which firm the defendants, as the firm of Lord, Taylor & Co., had succeeded.   This contract, after authorizing Lord, Taylor & Compton to sell machines on credit, but requiring them in such case to take notes of responsible makers drawn to their order, contains the following articles:   6th. "The said Lord, Taylor & Compton agree to indorse each and every note so taken  *  *  and, in case of failure on the part of the maker of any of said notes to pay the same at maturity, the said Lord, Taylor & Compton agree to pay the same within thirty days after the maturity thereof.   And it is further expressly agreed that a protest for non-payment of any of said notes shall, in every case, be entirely optional with said Bryant; and in case of no protest for non-payment of said notes, the said Lord, Taylor & Compton agree that it shall in no way relieve them from liability in the premises, but that they guarantee the payment of all notes so taken and indorsed by them, whether protested or not for non-payment.

7th. "It shall not be necessary for said Bryant to do any act to fix the liability of said Lord, Taylor & Compton on any note so taken and not paid,  *  *  *  nor shall anything operate to discharge said Lord, Taylor & Compton from liability therefor."

The complaint then alleges that plaintiff received from

defendants, under said agreement, firm notes described in the complaint, all endorsed in the firm name of defendants ; that plaintiff has used. all reasonable diligence to collect the same, but without success.

The answer admits the indorsement by defendants of four of the notes in suit.    As to the fifth note, made by J. W. Pratt to C. S. Bruce or bearer, it alleges that such note was indorsed by defendant Taylor after the dissolution of the defendants' firm, for the purpose of settling and paying a balance claimed to be due plaintiff from defendants, and not in pursuance of any contract.    The answer also alleges a change in the contract between plaintiff and. Lord, Taylor & Compton, as hereafter stated.

The action was referred by consent, and at the trial before the referee it appeared that the contract, though bearing date February 24, 1869, was really executed in the latter part of March, 1869, and was antedated ; that it was signed by Compton in the firm name, but that the other partners were ignorant of the sixth and seventh articles until the middle of April, 1869.    On the 25th May, 1869, the defendant Lord, in behalf of the firm, wrote to the plaintiff a letter, which was read in evidence, in which the firm objects to those articles.    On the 29th May the plaintiff wrote in reply a letter, which was read in evidence under plaintiff's objection, and is referred to in the opinion as Exhibit "E."  · In this letter, the plaintiff, after acknowledging the receipt of the letter of May 25, writes in regard to the contract :    "This is the form prescribed by the company, therefore I cannot  deviate from it, but I guarantee you that if failure to pay any of the notes is caused by any neglect of mine to attend promptly to their  collection, I will lose them, and never call on you for their payment."    The letter then goes on to state that these articles were inserted at the request of agents whose customers were displeased at being

Bryant v. Lord et al.

obliged to pay protest fees, and continues : " I assure you, you shall be promptly informed of any delinquency on the part of any of the makers of any notes you send in to pay for the same."

Plaintiff's objections to this letter were : 1st, that on its face it shows that plaintiff refused. to modify articles 6 and 7; and, 2d, that the promises contained in the letter appear to be without consideration.

Defendants also read in evidence under objection a press copy of the following letter, sent by mail by Lord, Taylor & Compton to the plaintiff, June 3, 1869 :

" Yours of May 29th in reference to articles 6 and 7 of contract is at hand, and if we understand it, you agree to waive those articles in our case so far as guaranty is concerned, and so as to give us the benefit of legal notice as indorsers. If this is not your meaning, please let us know, as we want to understand where we are ; with this understanding we are satisfied."

Plaintiff's objections to the admission of this letter were, 1st, that there is no evidence that it was ever received by plaintiff ; and 2d, that it is immaterial and irrelevant.

It further appeared at the trial that the defendants succeeded to the business of Lord, Taylor & Compton, including the agency, in June, 1869, and continued such business until January 12, 1870, when defendants dissolved their partnership, and gave plaintiff written notice of dissolution, and also, (in accordance with the contract,) that at the end of thirty days they should give up the agency. In April, 1870, plaintiff wrote to defendant Taylor, insisting upon the payment of a balance due from defendants, and Taylor thereupon sent him the amount, partly in money, and for the remainder, endorsed in the firm name and sent to him the before mentioned note of Pratt to Bruce. There was no evidence that Taylor was

authorized by his late partners to make such indorsement. Of the four other notes, three contained the following clause: "Drawers and indorsers jointly and severally waive presentment for payment, protest and notice of protest, and non-payment of this note." These four notes were all taken by the defendants in the course of their agency under the contract, and were all indorsed by them; but there was no evidence that any of the four was presented for payment at maturity, or protested, or that any notice of non-payment or protest, sufficient to charge defendants as indorsers, was ever sent to them. The note of Pratt to Bruce was protested at maturity, on the 25th June, 1870, but it appeared that the notices of protest were misdirected.

The referee's findings of fact, so far as they are material to the questions considered in the opinion, were:

1st. That the contract was made by Compton, in March, 1869, without the knowledge of his partners, who first learned of it in April following, and that on the 29th May, 1869, the plaintiff and Lord, Taylor & Compton so far modified said agreement that plaintiff became bound to give them due notice of non-payment at maturity of all notes endorsed by them under the agreement, and they "were to have due notice of non-payment and protest of each and all of said notes that were unpaid at maturity."

5th. "That at the maturity of said notes the plaintiff did not protest the same, neither did he notify the defendants of the non-payment thereof.

7th. "That the agreement was terminated February 10th, 1870, and the parties had a settlement and accounting of all matters, &c., * * and there was found due the plaintiff from the said defendants, the sum of $70.05, which sum was on the 13th April, 1870, fully paid, by the endorsement and

transfer of the said note made by Pratt to Bruce, with the additional sum of money, &c."

As a conclusion of law, the referee reported that defendants were entitled to judgment for costs, which was entered accordingly, and plaintiff appeals.

Some matters not comprised in the foregoing statement will be found in the opinion.

Stearns & Start, for Appellant.

Lord & Taylor, for Respondents.

*By the Court.*—Ripley, Ch. J.—We discover nothing in this case, as settled, which would take Taylor's endorsement of the name of " Lord, Taylor & Co." on the note of Pratt to Bruce or bearer out of the general rule, that after dissolution one of the late firm has no authority to bind the others by such an endorsement. The case of *Lange vs. Kennedy,* 20, *Wisc.* 279, holding that after dissolution one of the late firm cannot bind the other by giving to a party, who has notice of such dissolution, a note in the firm name for a balance due on partnership dealings, is in point.

There is no evidence of any antecedent authority to Taylor from the other partners thus to bind them, nor any of any ratification. The allegations in the answer, that, on and after a settlement, and a delivery by defendants to plaintiff of all property of his in their hands, he claimed there was a balance due of $70.05, and that, on April 12, 1870, the defendant Taylor, for the purpose of settling and paying the balance so claimed, endorsed and delivered the said note to plaintiff, and that plaintiff received said note in payment of said balance, and not in pursuance of any contract whatever, is only to

meet the allegation of the complaint that said note was endorsed and delivered under the contract.

On this account, therefore, the plaintiff's position, that the presentment, protest and notice of protest of said note entitled him to judgment against defendants on that note, seems to be untenable ; and if the seventh finding of fact must, as we think it must, be taken to mean that the defendants endorsed the said note, it is against the evidence.

Of this, however, the defendants, not having appealed, can have no benefit. But the referee finds that no notice of presentment and refusal of payment was ever served upon the defendants. As he does not find in terms that the note was duly presented for payment, unless this finding implies it, the facts to charge defendants are not found. But no implication that a certain thing had been done necessarily arises from a statement that no notice was given that it had been done. We cannot supply the omission of the referee to find upon this material point. The plaintiff should have applied to the referee for a supplemental finding. *Conklin vs. Hinds*, 16 *Minn.* 457.

As the case stands, therefore, the defendants are entitled to judgment in respect of this note, and it is unnecessary to consider whether or not the evidence justifies the actual finding of the referee as to notice. It is by no means clear how the referee is to be understood with reference to the notes, which are the subject of this suit, in finding that the agreement was cancelled on Feb. 10, 1870, and the parties had a settlement and accounting of all matters remaining unsettled between them under the terms of the contract, and there was found due to plaintiff from the defendants the sum of $70.05.

This language, however, cannot be rationally construed to include among such matters any future conditional liability of defendants as endorsers of the two notes not then due ; and

Bryant v. Lord et al.

if it was meant to include those then due, the answer sets up no such settlement, and the evidence is against it.

Lord's deposition contains the only testimony as to any settlement. He simply says that, on notice, " the plaintiff's agent came on and settled up the business, taking away the machines and parts on hand."

Considering the answer, the provisions of the contract on the point of settlement, and the nature of the business carried on by defendants, it would be a forced construction of this. testimony, if it stood alone, to say that by this language the witness meant that the settlement had reference to any such liability as is sought to be enforced against defendants in this action. But it must be taken in connection with the rest of defendants' proof. They put in evidence a letter from plaintiff to Lord, dated March 4, 1870, in which he demands payment of the balance of Lord, Taylor & Co.'s account, (evidently referring to said balance of $70.05,) and hands him a list of overdue notes, including the two above mentioned, saying that they "must now be taken care of, and that he must request Lord to have them lifted at once," etc. But if the settlement had included such claims upon defendants, they had been " taken care of," and plaintiff knew it. Taylor, moreover, testifies that the balance claimed by plaintiff of him in April as due to him from the firm, and shown by the books of the company, was about $70.

This is certainly the balance found due when the agent " settled up the business," i. e., upon the settlement and accounting of the 7th finding.

As the sum appeared to be due upon the books of the firm, (which came to an end on January 12th,) there can be no doubt whatever that it was the balance due from defendants upon sales and collections for plaintiff.

If the referee's conclusions of law, that the defendants are

entitled to judgment, can be sustained, it must be upon the
1st and 5th findings of fact.   The letters of plaintiff to defen-
dants, (Exhibit E.) and their reply under date of June 3, were
properly admitted in evidence.   Upon the point, whether or not
the plaintiff had agreed to any, and what, modification of the
contract, the whole correspondence was as clearly admissible
as the whole of a conversation would have been.

   The objection, that the promises contained in said exhibit
appear to be without consideration, if well founded, was no
reason for excluding it.   It was a part of the written conver-
sation.   If the effect of the whole correspondence, and the
subsequent acts of the plaintiff, is, as defendants allege, to
show that they refused to go on with the business under the
contract, unless the contract was so modified as to do away
with those provisions which made it an absolute and uncon-
ditional guaranty by them of the notes they endorsed, and
that thereupon the plaintiff agreed to such modification, such
agreement would be upon a valid consideration.   *Monroe vs.
Perkins*, 9 *Pick.* 248.

   Whether or not the weight of evidence was, as the plaintiff
alleges, against the letter of June 3d having been received by
him, was for the referee.   As to whether the evidence justi-
fies the finding, the question is not as to the weight of the evi-
dence, but whether there is evidence reasonably tending to
support it.   *Humphrey vs. Havens*, 12 *Minn.* 298.

   That defendants were to have "due notice of non-payment
and protest of each and all" of the notes endorsed and deliv-
ered by them under said agreement, certainly means that they
were to have due notice of protest.   This implies an obligation
on plaintiff's part to protest them.   There is *no* evidence to
show that plaintiff assumed any such obligation, and the fact
found by the referee, that he did not protest the notes, fur-
nishes no ground for the conclusion of law that defendants

Bryant v. Lord et al.

are entitled to judgment. Exhibit E makes it quite clear that plaintiff supposed that a protest was necessary to charge the endorsers of these notes. But this was an error, and apart from any agreement, a protest was entirely optional, the only advantage resulting to him therefrom being that the notary's certificate was by statute *prima facie* evidence. *Gen. Stat., ch.* 26, *s.* 9 ; *Edwards on Bills, p.* 469. It is certain, however, that Exhibit E contains no promise by plaintiff to protest any note.

Whether the defendants shared the impression aforesaid of the plaintiff, is not quite clear ; but it is entirely clear, that, whether they did or not, they did not stipulate for protest, and that there was no agreement made to that effect by the parties. The most favorable view of the evidence possible for defendants is, that the contract was so modified that the defendants' contract of guaranty aforesaid of the notes to be endorsed by them was changed into the conditional contract of an endorser, a contract which would involve no obligation on plaintiff's part to protest them.

Assuming that the finding, upon the principle that the greater includes the less, includes such a modification, from the fact that the notes must be presented for payment before they could be protested, the plaintiff contends, nevertheless, that the defendants waived the benefit of such agreement in respect of the three notes in the body of which it is specified that " the drawers and indorsers jointly and severally waive presentment for payment, protest and notice of protest and non-payment of this note."

This question has been passed upon in Indiana and not elsewhere, so far as our observation extends. It is there held that such a waiver in the body of a note or bill of exchange is operative against indorsers. Where the words " protest and notice of protest waived," appeared in the body of the note, the court held that they were inserted for some purpose ;

Bryant v. Lord et al.

the only purpose could be to waive protest and notice as to indorsers, for they were the only parties as to whom these acts were required. *Gordon et al. vs. Montgomery*, 10 *Ind.* 110.

In a subsequent case, in which the appellants indorsed a bill of exchange which contained these words, "notice and protest of non-acceptance and non-payment waived," it was held, that the waiver affected the contract of the indorser as well as the drawer, that it formed part of the note, and the indorser is deemed to have adopted it by his indorsement. *Lowry vs. Steele*, 27 *Ind.* 168.

In the case at bar, the purpose to affect the contract of the indorser is expressed. As the first endorser of a note holds much the same position as drawer, and the maker much the same as the acceptor of a bill of exchange, we are unable to see why the doctrine of these cases is not correct as applied to these indorsements. If the defendants, then, under the modified contract, were to occupy the position of indorsers only in respect of any notes which they might indorse, it is not easy to see why, if they chose to waive demand and notice upon all or any of the notes they indorsed, such waiver is not as binding upon them as it would be upon any other indorser. Upon the construction above stated of the first finding of fact aforesaid, and the most favorable possible for defendants, it would seem that the plaintiff would be entitled to recover upon these three notes.

The judgment must be reversed and a new trial had.