BENJAMIN F. SHERMAN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA
RAILWAY COMPANY.

February 20, 1883.

**Condemnation by Railway Company — Value of Land — Opinions of Witnesses.** — In condemnation proceedings by a railway company, to acquire right of way, witnesses shown to be competent from their knowledge of the property in question, and who have observed the situation and condition of the premises as affected by the construction of the railway, may express their opinions as to the value of the land in controversy, and the amount of damages suffered by the land-owner.

**Same — Value as Determined by Uses.** — Upon the question of the value of the land in controversy, any purpose for which the same is adapted, and which enters into and affects its market value, may be properly considered.

**Same — Appeal from Award — Record of Proceedings before Commissioners as Evidence.** — Upon appeal from the award of commissioners,

the record of the proceedings before them may be used and referred to, in order to explain the location of the line of road, and the description and situation of the premises; but it is not error for the court to refuse to allow the same to be given in evidence before the jury to show the amount of such award.

**Omission to certify Case on which Motion for New Trial has been Heard.**—Where a statement of the case, to which amendments had been proposed and allowed, had not been duly approved and certified by the district judge, but a motion for a new trial thereon had been heard and determined by him without objection, *held,* that it was thereby adopted and approved by him, and he might properly certify it at any time; and that as the defect is merely formal, and the objection might have been obviated if it had been seasonably taken, it should be disregarded in this court.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Brill,* J., and a jury.

*R. B. Galusha,* and *J. Kling,* for appellant.

*Lamprey, James & Warren,* for respondent.

VANDERBURGH, J. The railway company, appellant in this court, instituted condemnation proceedings to ascertain the damages for the appropriation of a portion of a certain 80-acre tract of land owned by respondent. Upon the trial in the district court, certain exceptions were reserved by appellant, which we will proceed to consider.

1. Witnesses shown to be competent and acquainted with the premises and their location and surroundings, were permitted, against the objection of the company, to express their opinions as to the amount of damages caused to respondent by the appropriation and occupation of the land taken for the railway, including the value of the portion taken, and the damage done to the remainder of the tract, at the time in question, February 24, 1881. Further examination brought out the grounds of this opinion, including the estimate of values, so that the jury were enabled properly to understand and weigh the testimony. There was no substantial error in this method of examination of the witnesses, and the evidence itself was competent. *Simmons* v. *St. Paul & Chicago Ry. Co.,* 18 Minn. 168, (184;) *Lehmicke* v. *St. Paul, S. & T. F. R. Co.,* 19 Minn. 406, (464;) *St. Paul & S. C. R. Co.* v. *Murphy,* Id. 433, (500.)

2. The evidence shows that the 80-acre tract in controversy, though at the time occupied as a farm, was situated in the vicinity of the city of St. Paul, and near certain public institutions. It appeared, on the cross-examination of the witnesses, that, in forming their estimate of the market value of the land, they had considered its adaptability for suburban residences. If such fact affected its market value at the time in question, it would properly enter into the consideration of the witnesses, and the jury also, in estimating such value. *Colvill* v. *St. Paul & Chicago Ry. Co.*, 19 Minn. 240, (283;) *Stinson* v. *Chicago, St. Paul & M. Ry. Co.*, 27 Minn. 284.

3. The appellant requested the court to charge the jury that "the value of the land is to be considered as it was on the 24th day of February, 1881. The jury have no right to consider values which may be anticipated to result hereafter;" which request was refused. But the court had, in clear and unmistakable terms, properly stated the law applicable to the case in its general charge; and, among other things, had charged the jury that respondent was entitled to have his damages assessed as of February 24, 1881, and not at any later time, and that they consisted in the market value of the land taken, and the amount by which the market value of the remainder was lessened, estimated as of that date. There was no occasion to repeat the first clause of the above request, and the last clause was inapplicable to any evidence in the case, and was unnecessary, in view of the limitations as to time and values contained in the general charge.

4. The record of the proceedings before the commissioners was, of course, before the trial court on appeal, and might properly be used and referred to, in so far as it would be necessary to a correct understanding of the location of the line of road, and the location and description of the premises; and as to all these matters it is not questioned that the jury in this case were fully informed. But it was not error for the court to refuse to allow the record of the amount of the award of the commissioners to be put in evidence before the jury. "The whole scope of the appeal is to secure a retrial of the same matter submitted to and passed upon by the commissioners." *Whitacre* v. *St. Paul & S. C. R. Co.*, 24 Minn. 311; *Warren* v. *First Div.,*

*etc., R. Co.,* 21 Minn. 424. We are unable to see how the award of the commissioners appealed from can be material or proper to be considered by the jury, upon a retrial of the question of the amount of damages to be recovered. *Ennis* v. *Wood River Branch R. Co.,* 12 R. I. 73.

5. The respondent's counsel, upon the argument in this court, raised the objection, for the first time, that the statement of the case, presenting the exceptions of the appellant, is not properly a part of the record, because the same was not in fact allowed and signed by the judge, as provided by statute. The case does not appear to have been so signed or allowed. The record discloses a statement of the case as proposed by appellant, and certain amendments thereto proposed by respondent, which amendments were ordered allowed by the judge. No further certificate or evidence of his allowance or approval of the case appears. The statute (Gen. St. 1878, c. 66, § 255,) provides that "the case or bill, being examined and found or made conformable to the truth, shall be allowed and signed by the judge." His allowance of the proposed amendments was not, therefore, sufficient as an allowance and approval of the case. Neither would the express or implied consent of the parties cure the defect. *Abrahams* v. *Sheehan,* 27 Minn. 401. In that case, however, no motion for a new trial had been made in the district court, and the court was not, consequently, called on to review or consider the record. In the case at bar the trial court heard and determined a motion for a new trial upon the record, including the case as it stands, without objection. It was thus fully brought to the attention of the court, and must have been duly examined and practically approved by it. In *State* v. *Cox,* 26 Minn. 214, it was held that hearing a motion for a new trial upon the case was an approval of it. The judge might then have signed it *nunc pro tunc,* and doubtless would have done so, had his attention been called to it. Had the objection been taken seasonably, it might have been remedied. Under such circumstances this court might allow the defect to be corrected, and an amended return made, or disregard it, and, as the matter is merely formal, consider the record as it was acted on by the court below.

Judgment affirmed.