EUGENE McKNIGHT *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

July 18, 1890.

Railway—Negligence—Coupling Cars.—Evidence *held* sufficient to sus-
tain the conclusion of negligence in the following particulars:   *First,* in
the use of a railroad car with the face of the draw-head broken, leaving
a sharp, ragged edge, liable to catch the clothing of a person engaged in
coupling cars; and, *second,* in driving a locomotive against a car, to
which it was to be coupled, with an extraordinary sudden impulse.

Same—Charge of Court—Omission—Duty of Counsel.—The charge of
the court *held* not to be erroneous as a whole, although one statement of
the law omitted a proper qualification which had previously been stated
to the jury.   Where the charge as a whole is correct, but it is desired to
prevent possible misapprehension on the part of the jury from the omis-
sion of a proper qualification in a part of the charge, the attention of the
court should be called particularly to that omission.

Appeal by defendant from an order of the district court for Mower
county, *Farmer, J.,* presiding, refusing a new trial after a verdict of
$300 for plaintiff.

*Kingsley & Shepherd,* for appellant.

*J. McKnight* and *French & Wright,* for respondents.

DICKINSON, J.   The plaintiff, while engaged in the service of the
defendant as a brakeman on one of its freight trains, and while
coupling a locomotive to one of the defendant's stock-cars, had his
hand caught between the draught-iron on the car and that on the
locomotive.   For the injury thus caused he recovered a verdict in
this action.   This is an appeal from an order refusing a new trial.
The plaintiff ascribes the injury to three causes:   *First,* a defect in
the draught-iron or draw-head of the car; *second,* a defective condi-
tion of the engine; and, *third,* negligence in the operation of the
engine.

The testimony of the plaintiff, if worthy of belief, showed the fol-
lowing state of facts, which, however, was opposed by witnesses on
the part of the defendant:   The engine was slowly backed up, for the

purpose of coupling on the freight-car, until it was within from one to three feet of the car. Then it ran ahead, and again came back slowly, until it was within a foot of the car, when, with a sudden impulse, it was driven back, bringing the draw-heads quickly together, crushing a part of the plaintiff's hand as he was trying to insert the coupling-link on the engine into the draw-head of the car. The face of the draw-head of the car was about 14 inches across, with three pockets for the insertion of links. It was made of cast-iron, and out of the edge of it a piece had been broken, so long before this that the fracture appeared to be an old one. This had left a sharp, ragged condition of the iron, such as might probably catch one's clothing, if brought in contact with it. In making this coupling the sleeve of the plaintiff's coat was, as he says, caught by this ragged edge, so that he could not extricate his hand in time to prevent its being crushed. He did not observe this break in the iron until after his sleeve was caught. He discovered after the accident that the break extended, as we understand, from the face of the draught-iron clear back to the hole in which the coupling-pin is inserted. He says that he could have safely made the coupling if his sleeve had not been caught. This was a case for the jury. If the plaintiff's testimony was truthful,—and his credibility was for the jury to pass upon,—it justified the conclusion that the defendant was chargeable with negligence in suffering the car to remain in use with a defect, visible upon ordinary inspection, of such a nature as to endanger the safety of those who would certainly come into close proximity to it in the dangerous operation of coupling cars. The nature of the break in this iron, its precise location, and the degree of probability that it might catch the clothing in the process of coupling, were all more apparent to the jury and to the trial court than they are to us; for a full-sized and accurate model of the draw-head was presented on the trial, the place and shape of the fracture were shown to the jury, and the natural position of one's hand and arm in making a coupling were shown with the aid of the model. We certainly cannot say that the defect was not of an apparently dangerous character, and that this feature of the case did not justify the conclusion of negligence.

The evidence, too, went to show negligence in the operation of the

engine.   It is perfectly apparent, in view of the manner in which such couplings are made, that to drive the locomotive in contact with the car with an extraordinarily sudden impulse is to greatly increase the danger in making the coupling.   If this is done unnecessarily, and without care to avoid doing so, it is negligence.   Whether this case was one of such negligence depended upon the credit to be attached to the plaintiff's testimony.   If there was negligence in both the above particulars, then the injury may be referred to both as concurrent causes, although it be true that, if the plaintiff's sleeve had not been caught, he might have made the coupling without injury.   The verdict is sustained by the evidence.

The only other error assigned is in respect to the plaintiff's seventh requested instruction, to the effect that, if the jury should find by a preponderance of evidence that the defendant was negligent in either of the particulars to which we have before referred, "the plaintiff would be entitled to recover, if he himself was in the exercise of ordinary care."   The error alleged is that the instruction did not embody a statement of the condition, essential to a right of recovery, that the injury be found to have been caused by such negligence.   In its general charge the court had with reasonable clearness stated this condition of the right of recovery, and, considering the charge as a whole, there seems to be no good reason to suppose that the jury could have understood that the plaintiff might recover for the defendant's negligence, even though his injury was not caused thereby. The court having already given a proper instruction upon the subject, if the defendant's counsel apprehended that the jury might be misled by the neglect to restate this condition in question in giving the requested instruction, the attention of the court should have been called to that matter.

Order affirmed.