NORTHERN PACIFIC RAILWAY COMPANY v. DAVID A. DUNCAN and Others.[1]

July 3, 1902.

Nos. 13,068—(184).

**Eminent Domain—Evidence—Offer of Award—Practice.**

On the trial of the question of damages in the district court on appeal from the award of commissioners in condemnation proceedings, defend-

[1] Reported in 91 N. W. 271.

ants (landowners) offered in evidence the award of the commissioners, but without specifying the specific purpose intended for it. The trial court instructed the jury that the award should not be considered by them on the question of damages, and the instruction is assigned as error. *Held*, that the instruction was an accurate statement of the law; and if, because the award had been offered in evidence without limitation or restriction as to purpose, it was proper to be considered by the jury on that question, and plaintiff had the right to insist that it be so considered, though not ordinarily competent upon that issue, it was the duty of its counsel to call attention of the court to the asserted right; and having failed to do so, and no exception having been taken to the instruction, an objection made subsequent to the trial is insufficient to justify a new trial. The case comes within the rule laid down in Steinbauer v. Stone, 85 Minn. 274.

### Exception in Deed—Perpetual Easement.

A deed of real property contained a clause saving and excepting from the operation of the conveyance a certain designated portion, and expressly dedicated the excepted portion to the perpetual use of the owners and occupants of property abutting thereon. *Held* to create a perpetual easement in favor of such abutting owners and occupants, which attached to and passed with the abutting property as an appurtenance.

### Assignments of Error.

Certain assignments of error examined, and *held* to present no reversible error.

Appeal by plaintiff from an order of the district court for St. Louis county, Dibell, J., denying a motion for a new trial on an appeal from an award of commissioners in proceedings by plaintiff for the condemnation of a right of way across defendants' land. Affirmed.

*J. L. Washburn* and *W. D. Bailey*, for appellant.

*S. T. & Wm. Harrison* and *J. B. Richards*, for respondents.

BROWN, J.

Proceedings were commenced in the district court of St. Louis county to condemn a right of way for railroad purposes over and across land owned by defendants, in which commissioners were duly appointed to assess damages, who made an award assessing and allowing defendant McDougall $1,500, and defendants Duncan and Brewer $1,250. Being dissatisfied with the amounts awarded

them, defendants appealed to the district court, where a trial was had by a jury, who awarded McDougall $4,162.50, and Duncan and Brewer $3,468.75. Plaintiff appealed from an order denying its motion for a new trial. Only three of the assignments of error were discussed on the oral argument, and our examination of the record leads us to the conclusion that the others present no reversible error. We have examined them all, and find nothing on which to base an order of reversal.

1. On the trial of the action in the court below, defendants' counsel offered the award of the commissioners in evidence, and it was received without objection,—for what purpose, the record does not distinctly disclose, though defendants' counsel stated in this court that the purpose was to place before the court and jury an accurate description of the property condemned, together with the plats attached to the award, showing the location and situation of the property and proposed right of way. The trial court instructed the jury that they were not bound by what the commissioners found the damages to defendants' property to be, and that their award should not be considered as evidence on that subject. This instruction (i. e., that portion stating that the award of the commissioners was not to be considered by the jury as evidence on the subject of damages), plaintiff assigns as error. There was no exception to the instruction at the time of the trial. It is urged in this court that the award was proper to be considered by the jury on the question of damages, the same having been offered and received in evidence without objection, and that it was reversible error in the court below to withdraw it from their consideration. We are unable to concur in this contention. It was held in Sherman v. St. Paul, M. & M. Ry. Co., 30 Minn. 227, 15 N. W. 239, that the award of the commissioners in such proceedings may be used and referred to on the trial, on appeal, to explain the location of the line of the proposed road, and to describe the situation of the premises, but that it is not competent evidence on the subject of damages.

It is not claimed by appellant that the award of the commissioners would be admissible if offered upon the question of damages. The contention is that, because it was received in evidence

without limitation or restriction as to purpose, plaintiff had the right to have the jury consider it as an estimate upon that subject made by the commissioners after due investigation. We need not enter into any discussion of this theory of the case, nor attempt to lay down any rules to apply to questions of practice of this sort; for, to concede, for the purposes of the case, the correctness of counsel's position, it is clear that appellant is in no position to complain of the instructions of the court in this particular. The award of the commissioners was only admissible on the trial for the purposes stated in Sherman v. St. Paul, M. & M. Ry. Co., supra, viz., to identify the property, its location and situation; and it not having been offered in the case at bar for any other specific pur-pose, the trial court had the right to assume that it was offered for the purpose for which it was admissible, and instruct the jury accordingly. The court was not informed, so far as the record shows, that counsel understood the award to be proper for the consideration of the jury on the question of damages, nor that they desired it so considered by them. The court charged the jury strictly in accordance with the law, and, if counsel had any inten-tion of insisting that the award should be considered by the jury on the question of damages, they should have called the atten-tion of the court to the fact; and, having failed to do so, they cannot now be heard to complain.

The situation is substantially the same as though the court had made some unintentional misstatement of law or fact which could have been corrected had attention been called to it at the trial, as was the case in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, though the case at bar is much stronger against appellant, for here the instruction of the court was an accurate statement of the law as generally applied to such cases; and if the special circumstances of this particular case made the evidence proper to be considered by the jury, and it was error to take it from them, the reason why it was error arose solely from a condition not known to the court at the time and to which its attention was in no manner directed.

2. The property over which the right of way was condemned is composed of the southeasterly portions of lots 1, 2, and 3 of block

F, and lots 2 and 3 of block E, of the plat of Duluth proper. The other portions of the lots (those portions lying northwest of the Duluth Transfer Company's railway tracks) are owned by other parties, and in no way affected by these proceedings. The land so owned by defendants is triangular in shape, and abuts upon, and is adjacent to, block 28 of Bay Front addition to Duluth, immediately southeast of which is block 27 of the same addition. Some time prior to the commencement of condemnation proceedings the Duluth Improvement Company was the owner of block 27, abutting upon which block is a slip or water way used by lake steamers in loading and unloading their cargoes. The Duluth Improvement Company conveyed block 27 to one A. M. Miller, and the deed of conveyance contained the following description and reservation:

"All that part of block twenty-seven (27) in the Bay Front division of Duluth, First rearrangement, according to the recorded plat thereof, that lies westerly of a line through said block parallel with, and at equal distances from, the lines dividing said block from block twenty-six (26) and from twenty-eight (28), saving and excepting so much of said tract as lies within one hundred (100) feet of the southeasterly boundary line thereof, which said property so excepted is hereby dedicated for the perpetual use of a slip or water way for the use and benefit of the owners and occupants of property abutting thereon, together with all and singular, the hereditaments and appurtenances thereunto belonging or in any wise appertaining, but subject, nevertheless, to the reservations, exceptions, and conditions of this instrument. * * * It being the intention hereby to vest in the said party of the second part, his heirs and assigns, forever, the exclusive right to use, occupy, and enjoy the space covered by the above-mentioned lots, as laid down upon said recorded plat of said Bay Front division of Duluth, First rearrangement, and to estop the party of the first part, its successors and assigns, from having or claiming the use or occupancy of said space by nature of riparian ownership or otherwise."

It was contended by defendants on the trial that this reservation created a perpetual easement in that portion of block 27 thus excepted, for the benefit of abutting property owners, and that as defendants were the owners of block 28, which lies immediately between that portion of block 27 in which the easement is claimed to exist and the property sought to be condemned, it gave defend-

ants access to the slip or water way, and was a valuable appurtenance and privilege inuring to the property over which the right of way was condemned. The right of way extends over the property of defendants nearly through its center, leaving a considerable portion on either side of the condemned strip. For the purpose of showing the damages to this property in connection with the uses to which it may be put, and as showing a right of access to the slip or water way, the deed of the Duluth Improvement Company to Miller was offered in evidence by defendants; and of this, appellant complains.

It is very clear to us that the reservation and exceptions contained in the deed referred to attached to the land in block 28, and that the easement vested in defendants, as owners of that block, the perpetual right to use the same in connection with their abutting property. The case is very similar to Winston v. Johnson, 42 Minn. 398, 45 N. W. 958, and controls the question. It is not important whether defendants acquired their title through the conveyance of the improvement company to Miller, or by a tax title or execution sale. The easement created by that deed attached to and passed with the land, and it was conceded on the trial that defendants now own block 28. They have therefore succeeded to the Miller title and the easement incident thereto. Dennis v. Wilson, 107 Mass. 591; Peck v. Conway, 119 Mass. 546. It follows that the deed was competent evidence, and there was no error in overruling plaintiff's objection to its admission.

3. It was competent for the parties to show the general nature of the property over which the proposed right of way extends, and the uses and purposes for which it was available; and it was not error to permit defendants to show that it was customary for railroads fronting on the property to unload freight thereon, to be transferred to lake steamers at the slip or water way.

We have examined, as already stated, all the assignments, and find no reversible error in the record. The damages awarded are quite large, perhaps; but whether excessive or not, is not presented for our consideration. There is no assignment of error to that effect.

The order appealed from must be affirmed.