E. F. KOLBE v. MARK BOYLE and Another.[1]

July 27, 1906.

Nos. 14,809—(155).

**Dismissal of Action.**

The cause of action set forth in the complaint was based upon allegations of a conspiracy between two defendants to defraud plaintiff in an exchange of land owned by one of the defendants. The evidence wholly failed to show any concert in project or in action, but did tend to show relationship of principal and agent between the defendants. The court

[1] Reported in 108 N. W. 847.

dismissed the action as to the principal, and the jury found for the other defendant. It is *held* that there was no prejudicial error in the order of the trial court in dismissing the action as to the principal at the close of plaintiff's case.

**Cross-Examination of Plaintiff.**

The trial court was within its discretion, under the issues raised by the pleadings, in permitting the defendants upon cross-examination of plaintiff to show his various experiences in real estate transactions.

**Objections to Charge to Jury.**

Technical or verbal error or unintentional misstatements of law or fact in the charge of the trial court to a jury, which could have been corrected at the trial if the attention of the trial court had been directed to them, are not sufficient ground for reversal in case of failure of objecting counsel to direct the attention of the court to such error or misstatements. Steinbauer v. Stone, 85 Minn. 274, followed and applied.

Appeal by plaintiff from an order of the district court for Faribault county, Quinn, J., denying a motion for a new trial, after a trial and verdict in favor of defendant Sandy McDonald; the action having been dismissed by order of court as to defendant Boyle at the close of plaintiff's testimony. Affirmed.

*E. Babcock,* for appellant.

*Putnam & Nicholsen,* for respondents.

JAGGARD, J.

This was an action brought by the plaintiff and appellant against the defendants and respondents, as conspirators, by procuring the fraudulent exchange of lands to the plaintiff's damage in the sum of $6,400. The complaint set forth that the defendant Boyle owned certain land in Kittson county purchased from railway companies on certain land contracts on which he had paid a part consideration, and on which certain deferred payments had not been paid; that defendant McDonald, the duly authorized agent of Boyle, and defendant Boyle conspired together to defraud plaintiff by selling him that land at the rate of $14 per acre for $6,400 in excess of its actual worth by false representations as to its quality and value, made by McDonald, and as to a cash offer which Boyle pretended to have for the land. That pleading was framed, not on the theory that Boyle was responsible for the fraudulent acts of his agent within the scope of his authority,

but upon a conspiracy pure and simple. The defendants admitted the transfer, the unpaid instalments, denied the conspiracy, fraud, and damage, and further defended on the ground that Boyle held the title for the use and benefit of other persons, and had no real interest in it, and that certain land described as the Minnesota Lake property was deeded to Boyle for the use of other persons, and was subsequently transferred by the plaintiff to McDonald. They further claim that the plaintiff was an experienced trader, and buyer, and seller of land. The reply put in issue the allegations of the answer, and set forth that McDonald acted as the duly-authorized agent of Boyle. The jury brought in a verdict for defendants. This appeal was taken from an order denying plaintiff's motion for a new trial.

1. The principal question presented by the many assignments of error concerns the propriety of the order of the court dismissing the action as to the defendant Boyle, after the plaintiff had rested, and before the defendant McDonald put in his testimony, on the ground that the plaintiff had failed to make out a cause of action against Boyle. While the negotiations were pending between McDonald and plaintiff he came to know of a letter from Boyle to McDonald in the following words:

> If you have not sold or traded my land please return the contracts to me for I have an opportunity where I can place sec. 11—163—46 for $13.50 cash. Return these contracts at your earliest convenience.

There was no extrinsic evidence introduced to show that "sec. 11—163—46" meant section 11, township 163 north, of range 46 west, of the principal meridian in Kittson county—the proper description of the land in question. Apart from the contention that the letter, self-interpreted, did not identify the land, it is significant that there was no evidence whatever tending to show that its contents were false or that the plaintiff relied on it and was damaged by it; although the complaint expressly alleges that this letter was "absolutely false and known by each of said defendants to be false." Plaintiff insists that, in addition to this letter, two other facts tended to show a conspiracy, namely, that McDonald had in his possession and used assignments

in blank of the railway land contracts, and that he received part of the consideration of the trade.

All three considerations tended to show an agency, but did not tend to show concert in action, in an intended fraud. The proof entirely failed to show such dealings between Boyle and McDonald or Boyle and the plaintiff as would justify the submission of the issue of conspiracy or of concert in action to the jury. There may be circumstances under which the allegations of conspiracy in a case of fraud are mere surplusage, and in which a principal might be held responsible for the tortious acts of his agent in making false representations, although the evidence did not show the conspiracy charged. But there may be also cases in which the charge of conspiracy may be so laid as to seek to make both parties responsible, on the ground of mutual and direct participation in a wrong, and not to make the principal responsible by virtue of his relation to his agent. Liability attaches in the case first stated because of personal conduct directly connected with the alleged wrong, and in the case last stated because of a relationship subsisting between the wrongdoer and his principal. Where the basis of liability is direct personal conduct, the principal might properly defend by showing that there was no joint tort; it might not be necessary for him to adduce what evidence he might have as to the nonexistence of the agency. The trial court regarded the case at bar as belonging to the last-named category, and there is much in this record to lead us to conclude that this ruling was proper.

Upon appeal, however, the case comes to us with a finding of the jury in favor of the defendant. If the only question submitted to the jury had been the fact of the making of the false representations, and the plaintiff's reliance on them, that finding would be conclusive. The verdict of the jury may, however, also have been based upon a finding that there were no damages. Construing the record as a whole, however, it appears that the verdict must have rested substantially upon the conclusion that there was no fraud. Accordingly, we conclude that there was no reversible error in the order of the trial court dismissing the action as to defendant Boyle.

2. The court permitted the defendants upon cross-examination of the plaintiff to show his experience in dealing with real estate. The plaintiff insists that the purpose of proving that the plaintiff was a

land trader is entirely collateral to the issues. In view of the allegations of the pleadings and of the argument of appellant in this court, we are satisfied that it was proper for the defendant to introduce this evidence of the plaintiff's business experience. A very wide latitude in the admission of evidence is always given in cases of fraud. Where, as here, there is a keen, shrewd man, of the class often referred to as "land sharks," dealing with an alleged unsophisticated individual like the one here, described as a "crippled tailor," who says he relied upon representations as to the character of distant and unvisited land, the court was guilty of no abuse of discretion in permitting the defendant to show the true state of facts in this regard.

3. In its charge to the jury the court first gave a rule of law apparently without due reference to the fact that the action had been dismissed as to Boyle, and that the Minnesota Lake property had been assigned. Thereupon, his attention having been called to these circumstances, he made a different and somewhat misleading charge. The plaintiff insists that as a result he suffered prejudice, because the measure of damages, as laid down by the court, eliminates from the consideration of the jury everything except what pecuniary advantage defendant McDonald obtained. The words which the court used, "actually paid to defendant" may have been infelicitous and incomplete. Plaintiff, however, made no objection to the charge at the time it was given. His failure to direct the attention of the court to an error of this kind leaves him in no position to complain of the misstatement here. It was his duty to have pointed out the inaccuracy so that it might have been then corrected. This was the original rule of practice. Peterson v. Chicago, M. & St. P. Ry. Co., 38 Minn. 511, 39 N. W. 485; McKnight v. Chicago, M. & St. P. Ry. Co., 44 Minn. 141, 46 N. W. 294.

It was held in the first and the leading case on the subject (Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754) that "the firmly established practice in this state requiring counsel on the trial of an action to call attention to obviously unintentional misstatements and verbal errors in the charge of the court to the jury, if deemed at all likely to be misleading, was not abrogated by the passage of Laws 1901, p. 121, c. 113, and the legislature did not intend by that act to permit litigants to single out, after the trial of an action, isolated portions of

the charge, assign the same as errors, and thus secure a new trial or the reversal of an order denying one, for some mere technical or verbal error or unintentional misstatement of law or fact, which could have been corrected at the trial had attention been called to it by counsel." That case has been repeatedly followed and approved. It finally and clearly defines the proper practice to be pursued in such a case as the one at bar. Torske v. Commonwealth L. Co., 86 Minn. 276, 90 N. W. 532; Northern Pacific Ry. Co. v. Duncan, 87 Minn. 91, 94, 91 N. W. 271; Schmitt v. Murray, 87 Minn. 250, 252, 91 N. W. 1116; Rutherford v. Selover, 87 Minn. 495, 497, 92 N. W. 413; Beede v. Wisconsin Central Ry. Co., 90 Minn. 36, 39, 95 N. W. 454.

In this short and comparatively simple case there are forty seven assignments of error. The most important of these and all that were argued orally have been here considered. We have examined the others, and find them to be without merit. None of them call for extended consideration.

Order affirmed.