OTTO P. JUNGCLAUS and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

September 14, 1906.

Nos. 14,782—(118).

Action in the district court for Wright county to recover $1,548.66 for failure to deliver certain goods. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of the plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Rome G. Brown* and *Charles S. Albert,* for appellant.

*F. E. Latham* and *James C. Tarbox,* for respondents.

PER CURIAM.

Plaintiffs and respondents brought an action against defendant and appellant to recover $1,548.66, as damages for its failure as a common carrier, through its negligence, to deliver certain goods which were destroyed by fire in defendant's warehouse at the place of destination. Defendant set up three defenses, in substance as follows: (1) A general denial. (2) That the shipments, if made, were under a special contract providing that defendant should not be liable on account of any loss caused by fire not due to fault or negligence of the carrier, and that defendant had not been at fault nor negligent. (3) That if such shipments were made, they were made under a special contract of shipment, wherein it was also provided that upon their arrival at the place of destination the goods shipped should be removed from defendant's depot within twenty four hours, and that if left without such removal within that time they should be held entirely at the risk of the plaintiffs; and that more than twenty four hours and more than reasonable time after notice of arrival had elapsed before the goods were destroyed by a fire,

[1] Reported in 108 N. W. 1118.

in no wise due to the defendant's negligence. The reply put the merits in issue. There was a verdict for plaintiffs in the full amount. From an order denying defendant's motion for judgment notwithstanding the verdict or a new trial this appeal was taken.

The evidence and the stipulation show that all the goods had been safely carried to their destination; that plaintiffs had due notice of their arrival and an opportunity to take them away; that they remained in the warehouse, some for twenty four hours or more, more for several days, and that to suit plaintiffs' convenience they had not been taken away from the warehouse. The trial court submitted to the jury the question of the liability of the defendant solely as one of negligence. This was concededly correct. The trial court also submitted to the jury the question whether the bailment was gratuitous or for hire. This the defendant contends was error, because of the absence of any evidence tending to show that the holding of the goods was anything more than a matter of gratuitous accommodation for the plaintiffs. On the other hand, however, plaintiffs insist that there was evidence of a contract between them and the station agent for payment of storage charges. After examination of the record the conclusion has been reached that it presents such a conflict in testimony on this point that the court properly submitted to the jury the question whether the bailment was a gratuitous one or for hire, and whether or not defendant was liable upon the facts so found. That the charge may have contained some verbal inaccuracies and unintentional misstatements of law, is not a matter for which the defendant can now be heard to complain as reversible error. Kolbe v. Boyle, supra, page 110, 108 N. W. 847.

It is also insisted that the trial court erred in allowing the jury to base their verdict on a guess as to the manner in which the fire originated. It was necessary for the jury to trace the fire to the negligence of the defendant as the proximate cause, but it was not necessary for them to determine the precise way in which the fire started. The record contains sufficient evidence to justify the jury in finding that the fire was due to the negligence of the defendant. The assignments of error also present the question whether the court erred in refusing to admit evidence as to incendiary fires claimed to have been set at the place of destination, at or about the times involved in this controversy. The evidence so offered was clearly too remote. The proffered testimony of witnesses, that the only theory which any of them had was that the fire was incendiary did not make it competent to show that there had been, at the times involved, several fires in the neighborhood apparently the work of an incendiary; such fires were not connected with the fire here in issue. The other assignments of error are without merit. Order affirmed.