### J. M. CUNNINGHAM v. COUNTY OF BIG STONE and Another.

### P. E. O'CONNOR v. COUNTY OF BIG STONE and Another.[1]

July 11, 1913.

Nos. 18,122, 18,123—(212–213).

**Judicial ditch — award of damages.**
1. In drainage proceedings it is necessary for the viewers and for the

1 Reported in 142 N. W. 802.

jury on appeal to make a separate award of damages, where any are sustained, and not proper to deduct the damages from the benefits and assess the balance.

**Charge held prejudicial.**

    2. Certain instructions of the court *held* prejudicial error, following Dodge v. County of Martin, 119 Minn. 392, 138 N. W. 675.

J. M. Cunningham and Edmund O'Connor appealed to the district court for Big Stone county from an assessment of benefits and award of damages in proceedings to establish Judicial Ditch No. 4 in the counties of Traverse and Big Stone. The appeals were heard before Flaherty, J., and a jury which assessed the benefits against certain specified parcels of land and found that other parcels of land were not damaged. From orders denying appellants' motions for a new trial, they appealed. Reversed and new trial granted.

*T. J. McElligott,* for appellant.

*F. W. Murphy* and *A. B. Kaercher,* for respondent.

Bunn, J.

In judicial ditch proceedings, the court below made its order establishing the ditch and determining the amount of benefits to be assessed against the lands of appellants. Under Laws 1905, p. 303, c. 230, as amended, appellants demanded a jury trial. Their cases were consolidated, and tried together. The result was a verdict in each case fixing the benefits at the exact sum that was assessed by the viewers and determined by the court. The case comes here on an appeal by each of the two appellants from an order denying his motion for a new trial.

The ditch as established is a branch ditch, starts on land owned by Edmund O'Connor, runs in a northerly direction through land owned by him to a meandered lake sought to be drained in the proceedings, through this lake, through other lands owned by O'Connor that lie to the west of the lake, and thence northerly to the main ditch. Appellant Cunningham's land consists of a half section lying just east and south of the ditch, which starts on his west section line. Edmund O'Connor died before the trial, and his administrator was substituted.

The first claim of appellant O'Connor is that the verdict awarding him no damages for his land, four to six acres, taken by reason of the improvement, is contrary to the evidence, and in effect deprives him of his constitutional right to compensation. Though the question is not really involved, we think it was necessary for the viewers, and for the jury on appeal, to make a separate award of damages, and not proper to deduct the damages from the benefits, and assess the balance. This for the reason that Laws 1911, p. 317, c. 384, § 5, provides that when damages are awarded to any person, the county board shall order the same·paid. Under Laws 1905, p. 316, c. 230, § 11, the payment was ordered "when damages are awarded to any person, persons or corporation, *in excess of benefits.*" The amendment striking out the words "in excess of benefits" indicates the necessity of separate awards of damages and benefits, and other reasons why there should be separate awards readily suggest themselves. But, as before stated, the question upon which we have thus indicated our opinion, is not before us on this appeal. It may be assumed that the viewers allowed no damages. In any event, the court clearly instructed the jury to award damages if, from the evidence, appellant was entitled thereto, and submitted a separate form of verdict on this question.

The jury found expressly that appellant O'Connor was not damaged by the ditch. The only question therefore on this branch of the case, is whether there is sufficient evidence to sustain a finding that O'Connor's lands that were taken for the ditch were of no appreciable value. While the evidence would sustain a finding of damages in some amount, and it may be doubtful whether it sustains a finding of no damages, as there must be a new trial on another ground, we do not decide the question. We make the same statement as to the claim that O'Connor was entitled to an allowance for a bridge across the ditch. For the same reason it is unnecessary to decide whether the evidence supports the verdict that appellant Cunningham's land was benefited by the ditch, or as to the amount of benefits found against the lands of either appellant.

We do not discuss or decide the above questions, for the reason that we have reached the conclusion that there must be a new trial

because of the undue prominence given in the charge to the viewers' report assessing the benefits, and to the action of the court in confirming that assessment. The questions of the amount of benefits to the lands of appellants, whether appellant O'Connor was entitled to damages and to an allowance for a bridge, whether the lands of appellant Cunningham were benefited at all, were all questions on which the evidence was in conflict.

The case is controlled by the decision in Dodge v. County of Martin, 119 Minn. 392, 138 N. W. 675. The instructions given in the present case are in no essential respects different from the instructions held erroneous in the Martin County case. Here, as there, they were abstractly correct, and there can be no suggestion that they were intended to influence the jury. But we are unable to escape the conclusion that they probably did have that effect. It is fair to the trial court to say that, at the time of the trial, the decision in the Martin County case had not been rendered. We assume that the sole object of the trial court was to explain the nature of the proceedings to the jury, but in doing so, unnecessary emphasis was placed upon the facts that the viewers had made the assessment, and that it had been, after a full hearing, confirmed by the court.

In addition, when counsel for respondents stated in his argument to the jury that the case had been before threshed out by the court and the assessments approved, the error was not cured by the court saying to the jury that the case was to be determined by the *"evidence offered and submitted"* here upon this trial. The court did not anywhere tell the jury that they could not consider the evidence that the viewers had assessed the benefits at a certain sum or that the court had approved their action, though it did say that the jury was not *bound* by the decision of the viewers or of the court. It is clearly the law that the jury is not only not *bound* by the action of the viewers or the court, but that such action should have no effect upon their decision. As stated by the Chief Justice in Dodge v. County of Martin, supra: "If in any such case the jury by the charge of the court, or otherwise, is led to the conclusion that consideration and respect should be given the assessment made by the viewers, the

appellant is deprived of his right to the separate opinion of the jury, and his appeal becomes fruitless."

Order reversed on each appeal, and new trial granted.