## IN THE MATTER OF JUDICIAL DITCH NO. 2.
## PAUL J. FALKENHAGEN v. COUNTIES OF YELLOW MEDICINE AND LAC QUI PARLE.[1]

December 5, 1919.

No. 21,536.

**Judicial ditch — order not appealable.**

1. An order establishing a judicial ditch is not appealable and cannot be attacked on an appeal taken to review a reassessment of benefits and damages.

**Same — testimony of viewers admissible, when.**

2. Where a jury trial is had to determine the benefits and damages which a farm will receive from the ditch, the viewers may testify as to the quantity of wet land on the farm and as to its value with and without the ditch, and such testimony does not infringe the rule that their assessment is not to be used as evidence at such trials.

**Same — competency of witnesses.**

3. The court did not exceed its discretion in ruling that the witnesses who testified as to value were competent to do so.

**Same — farm crossing and fence — charge to jury.**

4. The court properly directed the jury to determine what sort of a farm crossing the average farmer would construct over the ditch, and what sort of fence would be suitable along it, and to allow for such a crossing and for the amount of such a fence made necessary by the ditch, in fixing appellant's damages.

Paul J. Falkenhagen, deeming himself aggrieved by the order of the court determining that his lands in Lac qui Parle would be benefited by the construction of Judicial Ditch No. 2 in Yellow Medicine and Lac qui Parle counties, demanded a jury trial. The matter was heard by Daly, J., and a jury which returned a verdict that the land was benefited $6,100 and damaged $1,600. From an order denying his motion for a new trial, demandant appealed. Affirmed.

*Oluf Gjerset,* for appellant.

*O. A. Lende,* for respondents.

[1]Reported in 175 N. W. 102.
144 M.—17.

Taylor, C.

The appellant is the owner of a half section of land which is crossed by Judicial Ditch No. 2 of Yellow Medicine and Lac qui Parle counties. Being dissatisfied with the amount of benefits and damages assessed to this land in the order establishing the ditch, he demanded a jury trial and had the benefits and damages reassessed by a jury. Thereafter he made a motion for a new trial and this appeal is from the order denying his motion.

1. It appears that when the original report of the viewers came before the court for consideration, the court resubmitted the entire matter of assessments to the viewers for further examination and further report, and that the order establishing the ditch was based on the second report of the viewers made pursuant to such resubmission. Appellant seeks to attack the order establishing the ditch, on the ground that the resubmission to the viewers of the matter of the assessments was not warranted by the facts then before the court. It is sufficient to say that no appeal lies from the order establishing the ditch, and that the ruling in question is not reviewable on this appeal.

2. At the trial the viewers were called as witnesses and testified as to the number of acres of wet land on the different subdivisions of appellant's farm, and while doing so were permitted to refer to memoranda made by themselves while examining the land as viewers. They also testified as to the value of the farm with and without the ditch. We find nothing improper or objectionable in this testimony, and are unable to sustain appellant's contention that its reception infringed the rule recognized in Dodge v. County of Martin, 119 Minn. 392, 138 N. W. 675; Cunningham v. County of Big Stone, 122 Minn. 392, 142 N. W. 802; and Rooney v. County of Stearns, 130 Minn. 176, 153 N. W. 858, that the assessments made by the viewers should not be used as evidence before the jury. The viewers were competent witnesses, and no attempt was made to show the amount of their assessments either by offering their report in evidence or otherwise.

3. Appellant also complains that some of the witnesses "were permitted to give their opinions as to the value of the land involved in the suit without showing that they were qualified to give such opinion." They had been farmers in that part of the state for many years and had

a general knowledge of the value of such lands derived from common report or other information. We think it was within the discretion of the trial court to receive their testimony.

4. Appellant complains of four paragraphs of the court's charge, but we find nothing improper or prejudicial in them. The two most important related to a farm crossing over the ditch and fences along it. The court in effect directed the jury to allow appellant the expense of constructing and maintaining such a crossing as in their judgment "the average man (would) use for a crossing there;" and further directed them to determine what kind of a fence would be suitable along the ditch, and whether a fence was needed on both sides of it, and allow him the cost of constructing and maintaining such fencing as they found that he would need. We think that these questions were for the jury to determine and that appellant has no substantial ground for complaining of the manner in which they were submitted. We are also unable to sustain the contention that the matter of these damages was submitted in such a manner as to exclude damages for the inconvenience in operating the farm caused by its being divided into two parts by the ditch.

Order affirmed.