# IN THE MATTER OF COUNTY DITCH NO. 33, MARSHALL COUNTY.

## IN RE APPEAL OF RASMUS OEN.[1]

September 30, 1921.

No. 22,347.

**Drain — trial in district court de novo.**

1. The trial in the district court on appeal to determine benefits in a county ditch proceeding is a trial de novo, and the finding of the viewers in their report is not evidence.

**Viewer is a competent witness.**

2. The rule stated does not affect the competency of a viewer as a witness, and he may testify on appeal as to benefits.

**Viewer's testimony may be attacked.**

3. When the viewer becomes a witness, his testimony is subject to

[1]Reported in 184 N. W. 374.

the usual tests affecting its credibility and weight.  He is not immune from attack.

### Cross-examination of viewer.

4. When a viewer testifies that benefits to an appellant's lands are $20 per acre, it may be shown on cross-examination that the viewers, who were unanimous in their report, did not fix benefits to any land in the drainage district at so much as $20 per acre, or in excess of $4 per acre.

### Same — scope of cross-examination discretionary with court.

5. It may be shown on the cross-examination of such witness that other specific tracts, said by him to be benefited in the same degree as the land of the appellant, were found in the report of the viewers to be benefited in amounts which were but a fraction of the benefits which he testified accrued to the appellant's land.  The extent to which the cross-examination may go is largely discretionary with the trial court.

Rasmus Oen appealed to the district court for Marshall county from an order of the county board of that county determining the amount of benefits to his land from the construction of ditch No. 33 on the ground that the benefits determined by the county board were in excess of the actual benefit to his land.  The appeal was heard before Grindeland, J., and a jury which returned a verdict fixing the benefits per acre.  From an order denying his motion for a new trial, Rasmus Oen appealed.  Reversed.

*James Manahan,* and *J. D. Hoogesteger,* for appellant.

*A. N. Eckstrom,* for respondent.

DIBELL, J.

Rasmus Oen appealed to the district court of Marshall county from the order of the county board determining the amount of benefits accruing to his land from the construction of county ditch number 33. The jury fixed the benefits to one forty at $6.25 per acre, to another at $5 per acre, and to another at $4.95 per acre.  He appeals from an order of the district court denying his motion for a new trial.

The question is whether the court erred in refusing to permit appellant to show on the cross-examination of a viewer in the ditch proceeding, a witness for the county, that the amount of the benefits fixed for his

lands by the viewers was less than the benefits to which he testified, and that the benefits to certain other lands, which he testified received a like benefit, were less than those fixed by the viewers for his land.

1. The trial on appeal to the district court to ascertain benefits is a trial de novo. Rooney v. County of Stearns, 130 Minn. 176, 153 N. W. 858, and cases cited. The finding is not evidence; and the importance of keeping it from the jury has been emphasized. Dodge v. County of Martin, 119 Minn. 392, 138 N. W. 675; Cunningham v. County of Big Stone, 122 Minn. 392, 142 N. W. 802; Rooney v. County of Stearns, 130 Minn. 176, 153 N. W. 858. The same principle was long ago applied to a similar situation in condemnation proceedings. Sherman v. St. Paul, M. & M. Ry. Co. 30 Minn. 227, 15 N. W. 239; Northern Pac. Ry. Co. v. Duncan, 87 Minn. 91, 91 N. W. 271.

2. This rule does not affect the competency of the viewers as witnesses. Their testimony as to benefits does not infringe the rule, recognized in the three cases cited, that the assessments made by the viewers should not be used as evidence before the jury. Falkenhagen v. Counties of Yellow Medicine and Lac qui Parle, 144 Minn. 257, 175 N. W. 102. The viewers may be called by either party as witnesses.

3. Becoming witnesses they are not witnesses of a kind different from others. They are subject on cross-examination to the usual tests to determine their credibility and the weight of their testimony. They are not immune. A party cannot use them as witnesses and then insist that they be protected against a cross-examination which unfavorably affects their testimony.

4. One of the viewers testified that the benefits accruing to the appellant's land were $20 per acre. The appellant offered to prove on cross-examination that the viewers, who were unanimous in their report, did not fix the benefits to any land in the drainage area at so much as $20 per acre, or at an amount in excess of $4 per acre. The offer was rejected. This was error.

Viewers are required to take an oath to perform their duties. It is their duty to fix benefits. The assessments for actual cost of construction are based proportionately on benefits. The viewer having testified that benefits were $20 per acre, it was proper to show that when

performing his official duties he did not see benefits in excess of $4 per acre. Make the illustration complete. Assume that a viewer testifies on behalf of the landowner that his property was not benefited or that the benefits were nominal, should it be held that the county could not show on cross-examination that he found the benefits substantial when he made his view and report? The injustice of a rule not permitting cross-examination is apparent. The jurors naturally infer, if they think of it at all, that his testimony corresponds with his finding as viewer. On the trial on appeal the law does not want the finding of the viewers as evidence. It is that finding which is being attacked and is under review. If a viewer is called by either party, he is, like other witnesses, subject to cross-examination, and inquiry may be made of him of things he said or did at other times materially and directly affecting the credit or weight of his testimony. That it calls for the judgment which he expressed when a viewer, does not make it improper.

5. On cross-examination a viewer, giving testimony for the county on question of benefits, testified that three quarters separately owned were benefited to the same extent per acre as the land owned by the appellant. The appellant offered to show as a part of the cross-examination, by reference to the report of the viewers, that one of these quarters was assessed at $380, another at $540, and the other at $440. The proof was rejected. This was error.

It is every day practice to ask an expert witness, testifying upon the value of lands, as to the value of nearby tracts, or of sales of similar property, or of the value which he has put upon lands of like character, or about comparative values. The same principle is operative in the situation before us.

In a sense this is inquiring into collateral matters. The extent to which the examination may go is largely discretionary. The trial court is charged with the conduct of the trial, and, mindful of the rule that cross-examination of an expert witness on value to determine credibility and weight should be somewhat free, and of the other rule that the extent of cross-examination, especially when directed to matters in their nature collateral, is within its fair discretion, it should not permit the cross-examination unduly to prolong the trial or to continue when

it ceases to be useful or becomes unfair. It may exercise its fair discretion. But such cross-examination is competent.

Order reversed.

QUINN, J. (dissenting).

I dissent. In my opinion the viewers' report, under the rule adhered to by this court in the cases cited in the majority opinion, was properly excluded. As stated, a viewer when called as a witness upon a trial before a court and jury in a drainage proceeding, as other witnesses, is subject to cross-examination. In the instant case the viewers' report was offered for the manifest purpose of showing the amount of assessments upon several tracts of land not involved in the trial. The cross-examination was in no way restricted except as to the offer of the report. Only the assessments on demandants' lands were under consideration. The question of benefits in such proceedings is largely a matter of opinion and must be arrived at by the viewers, oftentimes by compromising and arriving as nearly as possible at a correct amount, and the viewers' report does not necessarily represent the exact opinion of any one viewer, but rather the result arrived at by the three in equalizing the assessments on all the lands benefited by the system. A jury is called to assess benefits for the particular lands of demandants, while it is the duty of the viewers to determine and equalize the assessments on the lands benefited by the entire system.