## WILSON v. BARBOUR.

### No. 5081.

Court of Civil Appeals of Texas. Amarillo.

Nov. 20, 1939.

Rehearing Denied Dec. 11, 1939.

Dennis Zimmermann, of Tulia, for appellant.

Works & Bassett, of Amarillo, for appellee.

STOKES, Justice.

Appellee instituted this action for damages against appellant alleging that appellee was the lessee of a gasoline filling station at Tulia and owned the equipment, including a Wayne electric gasoline pump. He alleged that on or about the 18th of June, 1937, appellant was driving his car in a westerly direction on Broadway Street which crosses State Highway No. 9 at or near his filling station and that, instead of stopping at the stop sign located on the east side of the highway, appellant proceeded at a high and dangerous rate of speed in an attempt to cross the highway in disregard of a truck approaching from the north. He alleged that a collision ensued between appellant's car and the truck as a result of which appellant's car was precipitated over against appellee's filling station and resulted in the destruction of the Wayne gasoline pump, together with its concrete foundation, and inflicted other damages upon the building.

Appellant answered by a general demurrer, general denial, and specially alleged that the injuries and damages complain-

ed of by appellee were not caused by any act of appellant's but were the result of acts of negligence on the part of Guy J. Thomas, the driver of the truck. He alleged numerous acts of carelessness and negligence on the part of Thomas, some of which were that Thomas was driving at an excessive rate of speed exceeding eighteen miles an hour; that he failed to have his truck equipped with proper brakes, failed to keep a proper lookout, and that Thomas discovered appellant's peril in time to have avoided the injury by the use of means within his control.

The case was submitted to a jury on special issues and upon their verdict judgment was entered by the court in favor of appellee in the sum of $220.

Appellant insists that the judgment is erroneous and should be reversed because, first, the witness Wadley, who testified for appellee as an expert concerning the value of the pump, was not qualified to testify as an expert; that he had not seen the pump before it was damaged and there was no basis for a hypothetical question to be propounded to him. Secondly, he alleges error in the charge of the court as to the measure of damages and, thirdly, that certain special issues were so framed as wrongfully to place upon him the burden of proof.

As to appellant's first contention the witness, Wadley, testified that, at the time of the trial he was employed by Phillips Petroleum Company at Amarillo, where he had been working for three or four months prior to the trial. For two or three years before taking employment at Amarillo he was employed by a firm at Lubbock who handled the Wayne electric pump. That he had sold and installed a considerable number of such pumps and that the pump of appellee had a cash market value "in this territory" both before and after it was damaged in the collision. He said that from his experience in selling, handling and installing the same kind of pumps he knew the value of the pump in question and that its cash market value before being damaged in the collision was from $190 to $200. He said that after it was damaged it was valuable only as junk and was worth from $15 to $20 as such. Upon cross-examination the witness stated that his estimate was only a guess, whereupon appellant objected to his testimony as being incompetent and only a guess. His objection was sustained and the jury

instructed not to consider it. Upon further examination by counsel for appellee the witness again testified as to his experience in handling, selling and installing Wayne electric pumps and again stated he knew the cash market value "in this territory" of the pump in question and that before it was damaged its cash market value was from $190 to $200. Appellant again objected to his testimony upon the ground that he was not shown to be qualified to testify as to the cash market value of the pump and his objection was overruled. Appellant insists that, after the witness had stated on cross-examination that his estimate was only a guess, the court should not have permitted him again to testify concerning the value of the pump. We cannot agree with appellant in this contention. When the witness was again examined by counsel for appellee he stated positively that he knew the cash market value of the pump and that such value was from $190 to $200. The court sustained appellant's objection to the testimony of the witness wherein he said that his estimate was only a guess and if the witness had not thereafter strengthened his testimony by stating positively that he knew the cash market value of the pump, his testimony, composed of a guess only, would not have been admissible. The rule is well established that when a witness gives evidence that he is acquainted with the market value, he is prima facie qualified to testify concerning the value. He may give his opinion although he does not show himself to be an expert in the matter about which he testifies, the reason being that according to his testimony he knows the market value. If he knows it, he may testify concerning it and his testimony is entitled to be considered even though he is not shown to be an expert. Foster v. Burgin, Tex.Civ.App., 244 S. W. 244; City of Waco v. Roberts, Tex.Civ.App., 12 S.W.2d 263; El Paso & S. W. Ry. Co. v. Smith, 50 Tex.Civ.App. 10, 108 S.W. 988. These authorities and many others hold substantially that when a witness states that he knows the market value of items of property involved in the controversy he becomes prima facie qualified to testify as an expert. His testimony is admissible as such and it then becomes a question of the weight that may be given to it by the jury.

Further complaint is made by appellant of the action of the court in admitting the testimony of the witness Wadley

because, it is urged, the witness was not shown to have known the extent to which the pump was damaged in the collision and there were no sufficient facts adduced upon which to base a hypothetical question. The witness first testified as to the value of new pumps of the kind in question. This testimony was stricken upon objection of appellant and the witness was excused from the stand. Appellee took the witness stand and testified concerning the condition of the pump immediately before it was damaged, stating that it was in good condition and had never given him any trouble. He then introduced H. E. White as a witness. White testified that he sold the pump to appellee; that he had purchased the pump eleven months before the collision and it was then a new pump, never having been used; that the pump was in good condition at the time he sold it to appellee and had never given any trouble. After these witnesses had testified as to the condition of the pump, R. J. Wadley was recalled to the witness stand and upon being informed as to the condition of the pump, the length of time it had been used and that it had never given any trouble, he then testified as to its value at the time of the collision, stating that its cash market value was from $190 to $200. There is, therefore, no merit in the contention of appellant that the witness was not shown to have known the extent to which the pump had been used and that no sufficient facts were adduced upon which to base a hypothetical question. The witness was shown to be thoroughly qualified to testify concerning the value of the pump and the testimony of appellee and the witness, H. E. White, furnished ample basis for a hypothetical question.

■ Further complaint is made of the court's action in admitting the testimony of the witness Wadley because, it is urged, his testimony concerning the value of the pump was not confined to its market value at Tulia. The witness testified repeatedly as to the market value of the pump "in this territory". The record does not disclose the limits of the territory so designated and in the absence of a showing that he meant otherwise, we must assume that he referred to the territory embracing Tulia and its environs. We conceive of no error committed by the court below in any of the respects contended for under the assignments of error embraced in appellant's

first contention and they are, therefore, overruled.

The next contention made by appellant is that the court erred in submitting to the jury special issue No. 15, in connection with which they were instructed that the measure of appellee's damages, if any, was the difference in the value of the pump immediately before it was damaged and immediately thereafter, the contention being that the jury should have been instructed that the measure of damages was the difference in the "market" value immediately before and immediately after the collision.

■ The matter here complained of is not contained in the special issue. It is incorporated in the instruction given to the jury by the court following the special issue and is to the effect that the measure of appellee's damages, if any, was the difference between the value of the pump immediately prior to being struck by appellant's car and its value immediately thereafter. The objection made in the trial court was wholly insufficient to call the court's attention to the feature of the instruction in the charge about which appellant was complaining. It nowhere pointed out to the court the alleged vice but left the court to conjecture as to what particular phase of the entire matter appellant deemed erroneous. An objection to a charge which merely states that the charge is erroneous in submitting a certain special issue because the same presents the incorrect measure of damages without pointing out wherein the measure of damages presented to the jury is incorrect, is not sufficient to preserve the point upon appeal. The trial judge has the right to be supplied by counsel with the objections which counsel wishes to urge so as to give the court an opportunity to correct it in the particulars wherein it may be erroneous. The purpose of Art. 2185, R.C.S. 1925, is to secure the proper presentation and submission of the special issues and it is the duty of counsel to point out in clear and specific language the error of which complaint is made. As stated by Justice Martin in expressing the opinion of this court in the case of Fort Worth & D. C. Ry. Co. v. Rowe, 69 S.W.2d 169, 174: "The statute requiring exceptions to the court's charge would become a meaningless thing unless the courts so interpret it as to compel a litigant to fully and intelligently point out any alleged error therein." See also Southwestern Bell

Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229; Abilene & Southern Ry. Co. v. Herman, Tex.Civ.App., 47 S.W.2d 915.

Waiving all this, however, we do not find any merit in the assignment of error. The gravamen of the complaint is that, instead of instructing the jury that the measure of damage was the difference in the "market value" he instructed them that the measure of damage was the difference in value of the pump immediately before and immediately after it was struck by appellant's car. In other words, appellant contends that the court erred in omitting the word "market" as a qualification to the word "value". The record shows that every witness who testified concerning the value of the pump either before or after it was damaged referred to it as the market value. The pleadings all refer to the market value and as far as the record shows no other value except the market value was contemplated or discussed during the trial. The testimony showed unequivocally that the pump had a market value and no other value, such as its real value, intrinsic value, or its special value to appellee, was referred to at any time during the trial. Appellant did not request a special issue specifying the market value as distinguished from the mere value nor did he make any request that the designation incorporated by the court be changed so as to specify the market value as distinguished from mere value. If he had done so, the trial judge, no doubt, would have made the change which could have been done by a simple interlineation of one word. In view of the record, in our opinion, no reversible error is shown. Furthermore, we conceive no possible likelihood that the jury was in any manner misled by the form of the special issue. Appellant's second contention and his assignments of error in reference thereto will be overruled.

The third and last contention presented by appellant and supported by a number of assignments of error relates to the forms of special issues Nos. 9 to 13 inclusive. It is contended that the forms in which these special issues were drawn and presented to the jury erroneously placed upon appellant the burden of establishing by a preponderance of the evidence that Guy J. Thomas was, at the time of the collision, driving his truck at an excessive rate of speed and that he was guilty of other acts of negligence specified in the special issues. Appellee did not make Guy J. Thomas a party defendant to the suit. In his first amended original petition appellee did not negative elements of negligence in the acts and conduct of Thomas as driver of the truck nor was it necessary for him to do so. These matters were brought into the case by appellant himself. In his first amended original answer appellant alleged specifically that the damage to appellee's filling station and pump were not caused by any negligence of appellant but that they were caused by the negligent acts and conduct of Guy J. Thomas in the manner in which he operated his truck upon the highway. He alleged that Thomas was operating the truck at a speed in excess of eighteen miles an hour; that he failed to have his truck equipped with brakes so that it could be stopped within 45 feet after applying them, and all other alleged acts of negligence that were incorporated in the special issues. Appellant having alleged acts of negligence on the part of Thomas, it became the duty of the court to submit special issues in an affirmative manner in order to have the jury pass upon the contentions of appellant as revealed by his pleading. It was not necessary for appellee to exonerate Thomas from negligence in order to recover of appellant, if appellant likewise was negligent, but granting that under the pleadings and evidence such was necessary, the court was under no duty to submit the same issues in both an affirmative and a negative form. Having submitted the special issues in an affirmative manner in response to appellant's pleading and the evidence adduced thereunder, it was not necessary under any rule established for the submission of cases upon special issues to submit the same issues in a negative form. There is, therefore, no merit in this contention and appellant's assignments of error in respect thereto are overruled. Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314, and authorities there cited.

We have examined all of the assignments of error presented by appellant and, in our opinion, no error is revealed by any of them.

The judgment of the trial court will be affirmed.