IN RE HEFTY: HEFTY, Respondent, vs. WISCONSIN POWER & LIGHT COMPANY, Appellant.

*October 7—November 8, 1940.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *William Ryan.*

For the respondent there was a brief by *Blum & Blum* of Monroe and *McGowan & Geffs* of Janesville, and oral argument by *Jacob Geffs* and *George S. Geffs.*

FRITZ, J.   The appellant, Wisconsin Power & Light Company, contends that the jury's assessment of the damages, on which the judgment under review was based, is excessive; and that the jury erred in this respect as the result of prejudicial error committed by the court in ruling that J. B. Pierce, Stuart Lamb, and John Kundert were incompetent to testify as witnesses on the trial.   The record discloses that each of these witnesses, who had acted as one of the commissioners in making the award, was called by appellant for the purpose of proving by his testimony that the diminution in the value of Hefty's land does not exceed $200; but that before appellant's counsel could examine Pierce further than to have him testify as to his hardware and farming business and his ownership of five hundred acres of land, Hefty's counsel interrupted by stating that, "This witness isn't competent to testify.   He was a commissioner in the case."   Likewise Hefty's counsel moved "that no further testimony be received from this witness," and stated, "let the record show that he was appointed as one of the commissioners in this case," and "that the plaintiff objects to the admission of the testimony on the ground that Mr. Pierce, Mr. Lamb and Mr. Kundert were commissioners in this particular case."   The record further discloses that the following statements and rulings were made by the court during the course of the colloquy between counsel, to wit:

"You don't need to argue that commissioners in the case are not competent to testify in these kind of cases.   While

they are commissioners they are exercising semijudicial functions and the rule is judges can't be heard to testify for their reasons in making decisions in any other case that relates to that. Commissioners are not competent to testify for that reason. . . . I know all about Mr. Pierce's competency but he having acted as a commissioner in this case he is barred from testifying in this case."

In addition, when appellant's counsel said, "I would like to make the offer on the record in order to preserve any record; I might want to mention what they were going to testify to," the court said, "That doesn't make any difference."

Thus it appears clearly and unequivocally that on the trial the court excluded the testimony of these witnesses, by which appellant offered to prove that the diminution in the value of the land in question does not exceed $200, upon solely the ground that each was incompetent to testify because he had been a commissioner who had participated in making the award; and that the court's rulings were *not* based on any lack of knowledge or qualification on the part of the witnesses to testify in respect to such value. The legal effect and consequences of these statements and rulings by the court during the trial can be neither obviated nor remedied by any subsequent statements by the court in denying appellant's motion after the verdict for a new trial.

The court was in error in making rulings in questions during the trial. It is true that on a trial pursuant to an appeal from an award neither the amount thereof nor the commissioners' proceedings or reasoning in making the award can be proven. But it is likewise the established rule that one who is otherwise qualified to testify as to the value or the diminution in value of premises involved in condemnation proceedings is not rendered incompetent to testify on that subject upon a trial pursuant to such an appeal, on the ground that he was a member of the commission which made the award. *State v. Hamer,* 211 Ind. 570, 199 N. E. 589; *Northern*

*States Power Co. v. Barnard,* 187 Minn. 353, 245 N. W. 609; *In re Judicial Ditch No. 2,* 144 Minn. 257, 175 N. W. 102; *In re Ditch No. 33 of Marshall County,* 150 Minn. 69, 184 N. W. 374; *City of St. Louis v. Smith,* 325 Mo. 471, 30 S. W. (2d) 729; *School District v. Phoenix Land & Imp. Co.* 297 Mo. 332, 249 S. W. 51; *United States v. Beaty* (D. C.), 198 Fed. 284; 70 C. J., Witnesses, § 240; 2 Lewis, Eminent Domain (3d ed.), § 652 (433). The rule, its limitations and the reasons therefor, were well stated in *State v. Hamer, supra* (p. 579), as follows:

"If otherwise qualified, the mere fact that he had been an appraiser in a condemnation proceeding would not render him incompetent to testify as to the value of the land. The fact that the appraisers' report is not admissible does not disqualify an appraiser. It is true the cause is tried *de novo* but the appraiser can be examined as to the value of the land independent of the report and without reference to it, and, for that matter, without the jury knowing that he was an appraiser. If, on cross-examination, the adverse party sees fit to bring out the fact before the jury that the witness was an appraiser, the harm, if any, should not be charged to the other party. The rule that a juror cannot impeach his verdict is not in point nor applicable here. The case is tried *de novo,* and the appraisers, disregarding the appraisers' report, may testify as to the value."

As the result of the court's erroneous rulings in respects stated, appellant was denied the right to introduce testimony which apparently would have supported its claims on the controverted subject of value. Two witnesses called by Hefty had testified that the damages by reason of the diminution in the value of his premises amounted to $1,200 as compared to but $420 to $480 testified to by two witnesses whose testimony appellant was permitted to introduce. In view of the conflicts in the evidence, the error in excluding the additional testimony, which appellant offered to introduce, must be considered prejudicial, and consequently there must be a reversal

of the judgment and a new trial must be granted pursuant to appellant's motion.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter an order granting appellant's motion for a new trial.