**CITY OF HOUSTON v. SCHORR.**

No. 12189.

Court of Civil Appeals of Texas.
Galveston.

June 15, 1950.

Rehearing Denied July 13, 1950.

Will Sears, City Attorney, and Richard H. Burks, Asst. City Atty., both of Houston, for appellant.

Bracewell & Tunks and Joe H. Reynolds, all of Houston, for appellee.

MONTEITH, Chief Justice.

Appellant, City of Houston, brought this action against appellee, Max Schorr, for the purpose of condemning an easement for converting an open gully or bayou through appellee's property into a covered storm sewer. The Special Commissioners appointed to assess the damages to the property sought to be condemned returned an award in favor of appellee of $15. The appellee duly filed his objections to the award, and, in a trial before a jury, judgment was rendered assessing damages against the City of Houston and in favor of appellee for the sum of $3,000.

Appellant, City of Houston, relies on the appeal on three points of assigned error. Under its first point, the City of Houston complains of the alleged error of the trial court in refusing to permit a witness, O. L. Eversberg, one of the Commissioners in the condemnation proceeding, who was tendered as a witness by appellant, to testify. Appellee objected to receiving any testimony from Mr. Eversberg for the alleged reason that his testimony would in effect inject the substance of the Commissioners' award into the trial, since it had been disclosed in the pleadings that he had been one of the Commissioners. The trial court, in sustaining appellee's objections, stated that he did not want any opinion out of the witness as a real estate man, but that he would allow the witness to testify just as any other citizen who saw what the situation was before and after.

The witness testified out of the hearing of the jury for the purpose of perfecting appellant's bill of exceptions that he had been in the real estate business in the City of Houston continuously for 29 years, and that he was familiar with real estate values in the vicinity of appellee's property; that he had made a complete inspection of appellee's property prior to the appellant's appropriation of an easement across it; and that, based upon his acquaintance with the property and of real estate values generally in the vicinity of this property, he was able to give an opinion as to the reasonable market value of the property sought to be condemned at the time in question. He testified in effect that, prior to the construction of said sewer, appellee's property contained approximately 10,000 square feet, of which something over 3,000 square feet was not usable, leaving possibly 7,000 square feet, which was not usable to the best advantage. He placed a value of 20¢ per square foot for the usable part of the property, amounting to $1,400. He placed no value on that portion of appellee's property which was within the bayou. He testified that part of the property had no nominal value and that it could not be used.

He testified for the purpose of the bill of exceptions that he had inspected the property after the construction of the storm sewer and as to its reasonable market value after such construction.

While we have been cited to no Texas decisions passing directly on the question as to whether a member of a board of commissioners in a condemnation proceeding is competent to testify as an expert witness as to the market value of the property sought to be condemned at the trial de novo, there are Texas cases in which the Courts of Civil Appeals have impliedly sanctioned the competency of this testimony.

In the case of the City of Denton v. Chastain et ux., Tex.Civ.App., 156 S.W.2d 554, 555 (no record of application for writ), the City of Denton brought condemnation proceedings against Chastain for a portion of a lot owned by him for the building of a highway. The City of Denton was dissatisfied with the award made by the board

of commissioners, filed its objections thereto, and the case was tried in the county court of Denton County. In its opinion, the appellate court said: "* * * We cannot see how knowledge of the jury that a witness was a member of the Board could affect the rights of either party. ' The jury must have known that there was such a Board; in fact, there was nothing before the jury which would apprise them of which party was dissatisfied with the award made by the Board."

In the case of Crespi v. City of Waco, Tex.Civ.App., 277 S.W. 400, which involved an appeal in a condemnation proceeding, the appellate court in its opinion impliedly sanctioned the testimony of a commissioner who had previously appraised the property.

We have been unable to find any act of the Legislature disqualifying a commissioner from testifying as to the value of the property sought to be condemned at the de novo trial.

Decisions from other jurisdictions have directly held that a condemnation commissioner is competent to testify in a later trial in the county court.

In the case of the City of Cape Girardeau v. Hunze, 314 Mo. 438, 284 S.W. 471, 47 A.L.R. 25, the Supreme Court of the State of Missouri held in a condemnation proceeding that one of the commissioners appointed by the court to assess damages was competent to testify as to values pertaining to the land involved. And, quoting with approval from the opinion of the Supreme Court of that State in the case of City of St. Louis v. Abeln, 170 Mo. 318, 70 S.W. 708, 710, said: "* * * We see no reason why the commissioners are not competent witnesses in such case. There is no statute disqualifying them, and no principle violated in allowing them to testify. * * *"

In the case of the City of St. Louis v. Worthington, 331 Mo. 182, 52 S.W.2d 1003, the Supreme Court of Missouri held that, while in condemnation proceedings reference could not be made to the commissioners' reports as substantive evidence bearing on the issue of damages, reference to the report on cross-examination was not improper.

In the case of Hefty v. Wisconsin Power and Light Company, 236 Wis. 60, 294 N.W. 518, it was held by the Supreme Court of Wisconsin that one who is otherwise qualified to testify as to the value or the diminution in value of the premises involved in a condemnation proceeding is not rendered incompetent to testify on that subject upon a trial pursuant to such appeal, on the ground that he was a member of the commission which made the award; and, that if otherwise qualified, the mere fact that he had been an appraiser in a condemnation proceeding would not render him incompetent to testify as to the value of the land.

In the case of Peil et al. v. Warren et al., Tex.Civ.App., 187 S.W. 1052, 1054, writ of error refused, this court in its opinion said: "Under the general rules of evidence in this state, all persons are competent witnesses to testify to any fact which is relative and material to the matter under investigation, and which is within the knowledge of such person, and if they are disqualified to so testify, it is only by reason that they have been excepted out of the general rule by some special statute. * * *"

It is the well-established rule in this State that, when a witness gives evidence that he is acquainted with the market value, he is prima facie qualified to testify concerning the value as an expert. His testimony is admissible as such and it then becomes a question of the weight that may be given it by the jury. Wilson v. Barbour, Tex.Civ.App., 135 S.W.2d 169; North East Texas Motor Lines, Inc. v. Hodges, Tex.Civ.App., 141 S.W.2d 386; Dallas Railway & Terminal Co. v. Strickland Transportation Co., Tex.Civ.App., 225 S.W.2d 901; Shock et al. v. Mrs. Ragsdale's Foods Co., Tex.Civ.App., 228 S.W.2d 353.

In the instant case, it is obvious that the exclusion of the testimony of Mr. Eversberg was harmful and prejudicial to appellant. And the fact that he testified that he was thoroughly familiar with the property both before the improvement was started and after the improvement was completed

qualified him, we think, as a competent witness to testify as to the material matters involved in this case. The fact that the trial court followed a local practice and custom of prohibiting such testimony by commissioners appointed by the court on the ground that it might embarrass the commissioners should not, we think, govern the competency of witnesses and prevent the witness from testifying to material facts, particularly since neither party offered to introduce the award of the commissioners in evidence nor to inform the jury as to the amount of the award, or other proceedings before the Commission.

The errors pointed out require, in our opinion, a reversal of the judgment of the trial court and that the cause be remanded for another trial. We have not discussed in this opinion other assignments brought forward, for the reason that they will probably not arise upon another trial.

Reversed and remanded.