## JOSEPHINE M. VIERLING v. INDEPENDENT SCHOOL DISTRICT NO. 720, SCOTT COUNTY.

129 N. W. (2d) 338.

June 5, 1964—No. 39,177.

*John A. Fahey,* for appellant.

*Kermit J. Lindmeyer, Ray G. Moonan,* and *John Castor,* for respondent.

SHERAN, JUSTICE.

Independent School District No. 720 instituted proceedings to acquire by condemnation a strip of land about 1,400 by 300 feet, containing approximately 10 acres and located on the north end of appellant's 160-acre farm, just south of the city of Shakopee, Minnesota.

On appeal by the owner from the award of court-appointed appraisers, the issue of damages was submitted to a jury which increased the amount allowed from $15,000 to $16,500. The landowner considers this amount to be inadequate and claims error in the trial resulting in this verdict because of rulings, comments, and instructions of the trial court which (1) restricted cross-examination of the school district superintendent concerning the intended use of the tract taken; (2) disparaged or rejected the qualifications of value witnesses produced by the owner; and (3) restricted cross-examination of value witnesses called on behalf of the condemnor.

■ The rulings of the trial court which barred interrogation of the school district superintendent with respect to the contemplated use of the condemned tract were not erroneous. The function of the jury in cases such as this is to determine the amount of damages sustained by the owner.[1] The landowner's case was presented on the theory that the highest and best use of the 10 acres taken was as a site for a residential development. No claim is made that the value of the 150 acres remaining was adversely affected. Consequently, the rule which permits evidence of the contemplated use of condemned realty to be received where the effect of such use will be to depreciate the value of the part not taken[2] has no application. Although the right of a school district to condemn realty for the purpose of acquiring an athletic field is not relevant to the question of damages, we are satisfied that the acquisition of a field for this purpose is within the

---

[1]See, Minn. Const. art. 1, § 13; Minn. St. 117.02, subd. 2, and 117.14; State, by Lord, v. North Star Concrete Co. 265 Minn. 483, 122 N. W. (2d) 118; State, by Lord, v. Casey, 263 Minn. 47, 115 N. W. (2d) 749; State, by Lord, v. Pearson, 260 Minn. 477, 110 N. W. (2d) 206; State, by Lord, v. Rust, 256 Minn. 246, 98 N. W. (2d) 271; City of Crookston v. Erickson, 244 Minn. 321, 69 N. W. (2d) 909; Simmons v. St. Paul & Chicago Ry. Co. 18 Minn. 168 (184); 6 Dunnell, Dig. (3 ed.) §§ 3052, 3110; 4 Nichols, Eminent Domain (3 ed.) §§ 14.1[2], 14.21.

[2]See, City of Crookston v. Erickson, *supra*; State, by Peterson, v. Bentley, 231 Minn. 531, 45 N. W. (2d) 185; 4 Nichols, Eminent Domain (3 ed.) §§ 14.24 to 14.249; 1 Orgel, Valuation Under Eminent Domain (2 ed.) § 56, pp. 257 to 265.

power of condemnation granted to school districts by the legislature.[3] Minn. St. 126.02, subd. 1, requires that "[e]very pupil * * * shall participate in the physical training program." A school site would not be complete without adequate grounds for this purpose, and the general use of athletic fields in connection with the physical training programs afforded by the school districts to their students is a matter of common knowledge.

■ The landowner attempted to qualify her value witnesses by showing that they had long been residents in the vicinity of the real estate involved. If this was a sufficient foundation for their testimony, the rulings, comments, and instructions given by the trial court were prejudicial to the appellant. The rule which permits testimony of persons living in the vicinity of a condemned tract to give opinions as to the value of the property taken,[4] on the theory that their knowledge of the property and the use to which it has been applied gives them a special competence, has no application in a case such as this where the landowner seeks to recover damages on the theory that the highest and best use of the realty taken is secured by devoting it to a special and different purpose.[5]

■ The cross-examination of the condemnor's witnesses was not

[3]See, Minn. St. 123.36 and 123.63; Alexander v. Phillips, 31 Ariz. 503, 254 P. 1056, 52 A. L. R. 244, 254; Moyer v. Board of Education, 391 Ill. 156, 62 N. E. (2d) 802; School Trustees v. Sherman Heights Corp. 20 Ill. (2d) 357, 169 N. E. (2d) 800; McNair v. School Dist. No. 1, 87 Mont. 423, 288 P. 188, 69 A. L. R. 866; Nicholas v. Calhoun, 204 Miss. 291, 37 So. (2d) 313; 78 C. J. S., Schools and School Districts, § 248a(1); 47 Am. Jur., Schools, § 64; 48 L. R. A. (N.S.) 486.

[4]See, 6 Dunnell, Dig. (3 ed.) § 3073; 3 Wigmore, Evidence (3 ed.) § 714(5); 32 C. J. S., Evidence, § 545, p. 304; 20 Am. Jur., Evidence, § 897.

[5]See, Mauvaisterre Dist. v. Wabash Ry. Co. 299 Ill. 299, 132 N. E. 559, 22 A. L. R. 944; County of Cook v. Holland, 3 Ill. (2d) 36, 47, 119 N. E. (2d) 760, 766, where it is said: "Certainly, more must be required of a witness than the categorical statement that he is familiar with the property before he will be permitted to testify as to value, and this is especially so in a case such as this where an effort is being made to prove that the land is adaptable to a special use."

so restricted as to make necessary a new trial. In one instance, objection was sustained to questions directed by the landowner to a value witness produced by the condemnor formulated to test his knowledge of the price of improved lots in the city of Shakopee. The land here involved was neither platted nor improved. In another instance, the questions related to the effect of the terms of the sale (whether for cash or with payments deferred) upon the selling price. We do not feel that prejudicial error has been made to appear on this ground.[6]

Affirmed.

---

[6]Cf. State, by Lord, v. Pearson, 260 Minn. 477, 110 N. W. (2d) 206; In re County Ditch No. 33, Marshall County, 150 Minn. 69, 184 N. W. 374.