**In the Matter of the Petition of Charles ITTEL, et al., for Judicial Ditch No. 23 in the Counties of Carver and Sibley, State of Minnesota.**

No. C3–85–1694.

Court of Appeals of Minnesota.

May 6, 1986.

Review Denied July 16, 1986.

Robert A. Nicklaus, Mary Kendall Adler, Chaska, for appellants.

Paul A. Melchert, Timothy J. Looby, Waconia, for respondents.

Heard, considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

The trial court concluded that the Joint County Ditch Board of Carver and Sibley counties acted arbitrarily and unlawfully in establishing judicial ditch number 23 and vacated the order. The trial court remanded the case to the Ditch Board for a redetermination of benefits and damages. Appellants, the original petitioners seeking establishment of the ditch, argue that the trial court's finding that the Ditch Board acted arbitrarily and unlawfully is clearly erroneous. We affirm.

## FACTS

On August 31, 1981, appellants filed a petition with the Joint County Ditch Board for Carver and Sibley counties requesting the establishment and construction of judicial ditch number 23. The Board subsequently appointed three viewers to estimate the project's costs, damages, and benefits.

The viewers made their calculations by dividing the watershed into 40-acre tracts. Each acre within each tract was then classified as either class A, B, or C land depending upon how much drainage the acre would receive from the proposed ditch. The viewers estimated that the value of an acre of prime farm land within the watershed land that would not receive improved drainage from the ditch was $1,500. Benefits for each acre were then estimated by subtracting from the value of prime farm land both the estimated present value for that class of land and the estimated tiling costs. The resulting assessment was reduced in two situations. First, for every 40-acre tract separating the land from the ditch site, the assessment was reduced ten percent. Second, the assessment was reduced fifty percent if the land was drained by private electrical pumps and tile lines.

The viewers estimated total benefits of $504,213.00, and costs and damages of $452,408.00. The Ditch Board adopted the viewers' report, and issued an order establishing judicial ditch number 23.

Respondents, other landowners within the watershed, appealed the Ditch Board's order to the district court pursuant to Minn.Stat. § 106.631, subd. 4 (1984). Upon completion of a trial de novo, the trial court found that the viewers assessed some lands solely on the basis that those lands would contribute water to the ditch. The trial court also found that the estimated value for prime farm land, determined sometime in 1983 or 1984, was unreasonable in light of the general declining value of agricultural land. The trial court concluded that the Ditch Board acted arbitrarily and unlawfully in adopting the viewers' report. The court remanded the matter to the Ditch Board and directed the viewers to redetermine the benefits and damages in accordance with instructions contained in the court's memorandum.

## ISSUE

Is the evidence sufficient to support the trial court's finding that the Joint County Ditch Board acted arbitrarily and unlawfully when it established judicial ditch number 23?

## ANALYSIS

Minn.Stat. § 106.201, subd. 2 (1984) states the criteria that must be met before a county ditch board may order the establishment of a ditch. One of the criteria is that the estimated benefits from the project must exceed the costs and damages. *Id.* If this standard is not met, the petition must be dismissed. Minn.Stat. § 106.201, subd. 1 (1984). The board appoints viewers who determine the costs and benefits to all property affected by the proposed ditch. Minn.Stat. §§ 106.141–.151 (1984).

Land may not be assessed unless it actually benefits from the ditch. *In re County Ditch No. 1, Faribault County*, 237 Minn. 358, 55 N.W.2d 308 (1952). Land may not be assessed merely because it is within the drainage basin of the ditch and its water ultimately finds its way into the ditch. 237 Minn. at 364, 55 N.W.2d at 312. Land may be assessed only if the ditch results in beneficial drainage. *Id.*

Appellants argue that the trial court erred in finding that the viewers assessed benefits to some land solely on the basis that the land would contribute water to the ditch, without considering whether such drainage was actually beneficial. Whether land involved in a drainage proceeding will be benefited is a question of fact. If there is evidence in the record sustaining that finding it will not be disturbed. *Oelke v. County of Faribault*, 260 Minn. 361, 110 N.W.2d 145 (1961).

A review of the record as a whole indicates that there is evidence to support the trial court's findings. Two viewers testified, in part, that they assessed benefits if the land contributed water to the system and that it was the duty of every owner whose land contributed water to the ditch to help pay for the ditch. Such a standard for determining benefits is, by itself, improper under *County Ditch No. 1, Faribault County.* Because the testimony conflicted between each viewer, and each viewer's testimony was internally inconsistent at times, the trial court was in the best position to determine both the credibility of the witnesses and the essence of their testimony. We hold that there is sufficient evidence in the record to support the trial court's findings.

On appeal the parties raise several collateral issues. The first concerns the significance of the date on which the viewers determined the $1,500 value for an acre of prime agricultural land. Appellants contend that the trial court's finding that the value was determined in late 1983 or early 1984 is contrary to the evidence. Respondents argue that the estimate must accurately reflect the value as of the date the Ditch Board orders establishment of the ditch. We need not address this issue. The trial court did not rule on it, nor did the court in its instructions to the viewers dictate the date on which future estimates must be made. In addition, because the court remanded for a new determination of the costs and benefits, the issue of the proper timing for past estimates becomes irrelevant. If, following a redetermination of costs and benefits, any landowner feels that the date of valuation adversely affects his or her assessment, the landowner may seek redress in a jury determination of the benefits and damages under Minn.Stat. § 106.631, subd. 2 (1984).

Appellants also claim the trial court erred by finding that the value of prime agricultural land was $1,200. We do not interpret the trial court's finding to have this effect. The trial court found:

## XVII

That [respondents'] expert, using a comparable sales analysis, determined the value of one acre of prime agricultural land in the watershed district to be $1,200.00.

\* \* \* \* \* \*

## XIX

That when the [respondents'] figures are used in the viewers "ABC formula," the amount of benefits which would be assessed are dramatically reduced.

The trial court made no specific finding about the value of the land, but remanded with instructions that the viewers reassess the benefits and damages. The trial court's findings show its careful observance of the fact that the district court is required to dismiss a judicial ditch petition if at any stage of the proceedings it *appears* that benefits do not exceed costs and damages. *See* Minn.Stat. § 106.201, subd. 1 (1984).

The trial court specifically found:

## IX

That the viewers calculated the total benefits to be assessed, including benefits to landowners, outlet charges, and utilities, to be $504,213.00. That the viewers determined the projected costs for construction of Judicial Ditch No. 23 to be $452,408.00.

Because the viewers based their calculations of benefits on the value of prime farm land, and because 703 acres were assessed, it is possible that a recalculation using a reduced value for prime farm land may cause the estimated costs and damages to exceed the estimated benefits. In light of the facts in this case, and considering both the trial court's broad supervisory powers over ditch establishment proceedings and the statutory mandate to dismiss the petition if costs exceed benefits, the trial court's actions were not unreasonable or an abuse of discretion.

Appellants next argue that when the trial court found that the Ditch Board

acted arbitrarily and unlawfully the trial court must have been rejecting the "ABC" method of land valuation used by the viewers. The trial court made no finding on the correctness of the viewers' method. Moreover, the issue of the correctness of the viewers' method for determining benefits is a matter for the jury to consider in an appeal of assessments under Minn.Stat. § 106.631, subd. 2. *In re Frank*, 242 Minn. 172, 64 N.W.2d 750 (1954).

Appellants also contend that the viewers erred in reducing the assessment of land drained by electrical pumps and tile lines by a blanket fifty percent. The trial court was correct in not addressing this issue, for it is properly resolved in the appeal of individual assessments under Minn.Stat. § 106.631, subd. 2.

Finally we note that the trial court's instructions to the viewers are lengthy and detailed. We recognize that under Minn.Stat. § 106.151 viewers have broad discretion in determining benefits and to some extent the trial court's instructions may infringe on this discretion. None of the parties, however, have challenged the authority of the trial court to directly issue broad instructions to the viewers, nor have they challenged any specific instruction. Therefore, we find no reason to modify these instructions and on remand the Ditch Board and the viewers should proceed accordingly.

### DECISION

The trial court did not clearly err in finding that the Joint County Ditch Board acted arbitrarily and unlawfully in adopting the viewers' report.

Affirmed.