In the Matter of the Improvement of BRANCH A–38 OF JOINT DITCH NO. 204 MARTIN AND FARIBAULT COUNTIES.

George HOWELL, Respondent,

v.

COUNTY OF MARTIN, et al., Appellants.

No. C2–87–198.

Supreme Court of Minnesota.

June 5, 1987.

Charles Frundt, Blue Earth, for appellants.

James Wilson, Fairmont, for respondent.

SIMONETT, Justice.

In this ditch proceeding under Minn.Stat. ch. 106A (1986), we are asked, by certified question, whether benefits arising from a proposed ditch are to be determined as of the date of trial de novo in district court or as of the date of the order establishing the ditch. Our answer is the date of the ditch authority's order, and we reverse the contrary ruling of the trial court.

On April 26, 1985, following a final hearing, the Joint Ditch Authority for Martin and Faribault Counties made its order establishing a branch drainage ditch in the two counties. The authority found, among other things, that the estimated benefits of the proposed improvement were greater than the total estimated cost, including damages for property interests taken. Minn.Stat. § 106A.341 (1986). Significantly, no appeal from the order establishing the ditch was taken. See Minn.Stat. § 106A.095 (1986).

Several landowners, however, appealed to district court the determination of the benefits and damages assigned their respective parcels. See Minn.Stat. § 106A.091 (1986).[1] Among these was re-

---

1. Howell's appeal is dated May 10, 1985, and was taken pursuant to Minn.Stat. § 106.631 (1984), which is now Minn.Stat. § 106A.091 (1986). The 1985 legislature enacted chapter 106A recodifying the drainage law and repealing most of chapter 106, but stating that the changes were not intended to alter the existing law. See Act of May 21, 1985, ch. 172, 1985

spondent George Howell, who claimed the benefits assessed his property were excessive.

Howell's appeal was called for trial on November 17, 1986. By that time the appeals of the other landowners had been resolved and contracts were let for construction of the open ditch. At trial the parties stipulated that as of April 26, 1985, the date of the order establishing the ditch, Howell's property was benefited $26,950, as determined by the viewers and the ditch authority; they further stipulated, however, that as of the time of trial the benefits to Howell's land from the ditch were only $18,974, and that the reduction in benefits was attributable to the decline in land values occurring in the 19 months since the ditch was established.

The effect of this stipulation was to reduce the issues on appeal to a single question of law, namely, as of what date are benefits to be determined? Martin County moved for summary judgment claiming that the date of the order establishing the ditch governed and that there was no genuine issue of material fact because Howell had stipulated his benefits were correctly valued as of that date. The trial court denied the county's motion, ruling that the date of trial governed, but certified the question to us as important and doubtful.

█ Chapter 106A does not say what date should be used as the date for determining benefits and damages for a drainage improvement. Minn.Stat. § 106A.091 (1986) simply says the issues on appeal are to be tried to a jury and are to be given precedence over other civil court matters. The trial is, of course, de novo. *In re County Ditch No. 33, Marshall County*, 150 Minn. 69, 184 N.W. 374 (1921). The trial court felt "the date of determination of benefits must be the date of trial" because the trial was de novo and because of dicta in *Petition of Ittel*, 386 N.W.2d 387 (Minn.App.1986). We disagree.

█ A trial de novo simply means a case is to be "tried the same as if it had not been tried before." *Stronge & Lightner Co. v. Commissioner of Taxation*, 228 Minn. 182, 195, 36 N.W.2d 800, 807 (1949). Because the district court retries the issue of benefits does not mean the legal rules for resolving that issue are to be changed from what they were when the issue was first tried. Neither does *Ittel* support the trial court's ruling. In *Ittel*, land values had declined from the date of the viewers' report to the date of the ditch authority's order, and the appellant landowners argued that the later date should govern. The court of appeals said there was no need to decide the issue because the matter had been remanded to the ditch authority for a redetermination of benefits. Whether benefits should be based on land values as of date of a de novo trial was not involved and was not mentioned.

We conclude that benefits and damages must be determined on the basis of land values as of the date the drainage ditch is established. It is at this time that benefits are balanced against damages to determine if the overall improvement is justified. Furthermore, the analogy to condemnation proceedings is apt. *See Petition of Dreosch*, 233 Minn. 274, 278–83, 47 N.W.2d 106, 109–11 (1951) (county exercises its delegated power of eminent domain when it damages property to construct a ditch). Recently, in *City of St. Louis Park v. Almor Co.*, 313 N.W.2d 606, 609–10 (Minn. 1981), we rejected the contention that the date of trial should control for determining damages in a condemnation proceeding during a time of increasing land values, stating it was the established rule "that condemnation damages are assessed as of the date of the commission award." *Cf. Ewert v. City of Winthrop*, 278 N.W.2d 545 (Minn. 1979) (a special assessment case).

As the county argues and the trial court observed, inequities will arise if benefits and damages are based on land values at the time of trial de novo where some landowners have appealed and others have not. If benefits are based on land values at the

Minn.Laws 473. (For example, the term "ditch authority" has been changed to "drainage au-

thority.") Our citations in this opinion will be to the new chapter 106A.

time of trial, the landowner who appeals during a period when values are declining would pay less than a landowner similarly situated who did not appeal. Or if the landowner is appealing a determination of damages rather than benefits, he would be receiving damages based on lower land values than those in existence at the time of the taking, which, arguably, might constitute a taking without just compensation. If the total costs of the improvement are to be prorated among all affected landowners according to benefits received, this apportionment can only be equitably accomplished if all land is valued as of the same date, and the date of the order establishing the improvement seems the most practical.

Chapter 106A does make some provision for a situation where land values change after initially being determined. "If the drainage authority determines that the original benefits determined in a drainage proceeding do not reflect reasonable present day values or that the benefited areas have changed," Minn.Stat. § 106A.351 (1986) provides that the drainage authority may appoint viewers to redetermine benefits and the benefited areas for *all* affected property. But that is not this case. Indeed, at oral argument we were told that a petition for redetermination of all benefits filed just before the construction contracts were let was denied by the ditch authority.

We hold that benefits and damages are to be determined in a de novo trial in district court on the basis of land values at the time the improvement is established by the ditch authority. The trial court, therefore, erred in denying the county's motion for summary judgment.

Reversed.